■ In the Matter of MAX SINGER, Petitioner, v JAMES E. KIRBY, as Commissioner of Department of Social Services of Suffolk County, Respondent. — Proceeding pursuant to CPLR article 78 to, *inter alia,* review a determination

of the respondent Commissioner of the Suffolk County Department of Social Services, dated December 10, 1981, which, after a hearing, dismissed petitioner from his position as a social welfare examiner II. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements, and without prejudice to an application by petitioner to respondent to reopen the hearing and for a new determination on the ground of newly discovered evidence. Petitioner was employed as a social welfare examiner II by the Suffolk County Department of Social Services. On December 10, 1981, the respondent commissioner dismissed him from his employment, after a hearing, upon the finding that he was guilty of misconduct in being "absent without leave for a period exceeding ten (10) consecutive working days in violation of Rule XIX (.4) of the Suffolk County Civil Service Rules". In January, 1982, subsequent to the hearing and determination, a union representative, reviewing petitioner's file on his behalf, found therein a civil service form 100 by which petitioner had been purportedly placed on a leave of absence from September 3, 1980 to September 2, 1981. These dates encompassed the period of time during which the hearing officer found petitioner to be absent in violation of Rule XIX (.4). Petitioner claims that he was unaware of a leave of absence or this form at the time of his hearing (even though he had personally examined his file prior thereto) and alleges that the department of social services withheld this evidence from the hearing officer. In view of the fact that a civil service form 100 was not offered into evidence at the hearing and is therefore not part of the record upon which the commissioner based his determination, we conclude that the determination dismissing petitioner from his employment was based upon substantial evidence. Damiani, J. P., Weinstein, Niehoff and Boyers, JJ., concur.