*993 OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
This juvenile delinquency proceeding presents two issues for resolution. Initially, the court must decide whether the matter may be referred to the Probation Department for adjustment without the consent of the victim or complainant. If this may properly be done, the court must then decide the status of the petition and the court records attendant thereto.
The petition alleges that Vincent F., age 15, is a juvenile delinquent for having committed an act which, if done by an adult, would constitute the crime of criminal trespass in the third degree, a elates B misdemeanor, as defined in section 140.10 of the Penal Law. This is Vincent’s first arrest. He attends school regularly and is well behaved at home. In response to an inquiry from the court, the Probation Department indicated that it would have adjusted the case at intake except for the insistence of the complainant for access to the presentment agency to request that a petition be filed. (Family Ct Act, § 308.1, subd 8.)
When the petition was presented to the court, the complainant failed to appear and the presentment agency could not offer any excuse for her absence.
Subdivision 2 of section 320.6 of the Family Court Act provides, inter alia, that: “At the initial appearance the court may, with the consent of the victim or complainant and the respondent, refer a case to the probation service for adjustment services.” The phrase “initial appearance” is defined in section 320.1 of the Family Court Act and, in this case, occurred when Vincent and his attorney appeared in court on the day the petition was presented. It is clear from the foregoing that the Legislature intended that the question of any referral to probation for adjustment be resolved at the earliest possible stage in the proceeding.
Can a complainant who initially objects to adjustment at the intake stage further frustrate such a resolution by absenting herself from the initial appearance? While a literal reading of the statute seems to suggest an affirmative answer, such a result would be contrary to legislative intent. The very existence of the adjustment *994 machinery at intake (Family Ct Rules, 22 NYCRR 2507.2) demonstrates a recognition that potential delinquency matters should be diverted from the court where appropriate. While adjustment service at intake has long been a distinguishing feature of prepetition juvenile delinquency procedure, the Legislature has now specifically authorized the use of such services even after the filing of a petition. (Family Ct Act, § 320.6.) To allow a complainant to veto an otherwise appropriate disposition by his or her mere absence from court would work a manifest injustice to the respondent, while encumbering an already overburdened court system with a case that is more suited to resolution in a nonjudicial forum. Subdivision 2 of section 320.6 of the Family Court Act allows the complainant to be heard on whether a matter should be referred to the Probation Department for adjustment. This right of the complainant carries significant implications for the young respondent. The exercise of this right to be heard may well determine whether a child must stand accused as a juvenile delinquent and face an ultimate loss of freedom, or whether the matter can be settled amicably and fairly in a probation officer’s room. A possible referral to probation for adjustment is too important, too far-reaching in its consequences to the respondent, and too critical to fundamental fairness to be, in effect, vetoed by a complainant in absentia.
This is Vincent’s first involvement with the law. The underlying charge is a “B” misdemeanor, the lowest category of crime recognized in this State. The respondent attends school regularly and is obedient and respectful at home. This case clearly lends itself to adjustment. Both the respondent and the community would best be served by this disposition. The absent complainant is deemed to have waived her right to be heard on the matter. And, although it is not determinative, the court notes that the presentment agency itself consents to the referral to probation. Accordingly, this matter is referred to the Probation Department for adjustment services.
The remaining issue concerns the status of the petition and the record of this court proceeding. Subdivision 3 of section 320.6 of the Family Court Act provides that: “If the court refers a case to the probation service pursuant to *995 this section and the probation service adjusts the case, the petition shall be dismissed.” This section mandates dismissal of the petition where adjustment is effected by the probation service. Ordinarily, the court proceeding will be held in abeyance pending the adjustment effort. Nevertheless, this section should not be read as requiring a continuation of the court proceeding while adjustment procedures are employed. Under the facts of this case, an immediate dismissal of the petition is indicated and authorized.
There is no question in the court’s mind that this case should have been adjusted at the intake stage. The complainant’s objection to initial adjustment demonstrates a fundamental misconception of the purposes of juvenile delinquency procedures. Unfortunately, the presentment agency, although empowered to refuse to do so (Family Ct Act, § 310.1; Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 310.1, p 327) filed a petition in a matter it now agrees properly belongs at probation. And finally, the complainant who initiated the entire process failed to appear in court.
Under these circumstances, fundamental fairness suggests that the respondent be restored to that position in which he would have been but for the attitude of the absent complainant. To achieve this result, the court looks to section 315.2 of the Family Court Act. This section authorizes a dismissal in furtherance of justice where “such dismissal is required as a matter of judicial discretion by the existence of some compelling further consideration or circumstances clearly demonstrating that a finding of delinquency or continued proceedings would constitute or result in injustice.” (Family Ct Act, § 315.2, subd 1.) This section introduces to juvenile delinquency proceedings a device heretofore available to adults under the CPL (CPL 170.40,210.40). The statute sets forth criteria to be utilized in deciding when such a dismissal in furtherance of justice is appropriate. It is significant that the Legislature omitted the attitude of the victim or complainant as a factor to be considered. (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 315.2, p 356; cf. CPL 170.40, subd 1, par [i]; 210.40, subd 1, par [i].)
*996 After carefully evaluating the criteria set forth in section 315.2 of the Family Court Act, the court finds that a dismissal of the petition in furtherance of justice is appropriate. In dismissing the petition and referring the matter to probation for adjustment services, the court concludes that sections 320.6 and 315.2 of the Family Court Act are not mutually exclusive but, rather, may be read together and utilized together to further the ends of justice and to protect the “needs and best interests of the respondent as well as the need for protection of the community” (Family Ct Act, § 301.1, subd [b]). It is a general rule of statutory construction that the respective parts of a statute are to be read together. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 97.)
Finally, the court orders that its records of this proceeding be expunged pursuant to section 375.3 of the Family Court Act. This matter should have been adjusted at intake. The respondent has already suffered needlessly by being named as a respondent in a juvenile delinquency proceeding that should never have been brought. Under the facts of this case, expungement of the records is necessary to restore Vincent to the same position in which he would have been had the petition not been filed. It is so ordered.