■ In the Matter of LEONORA M., a Child Alleged to be Neglected. ALPHA S., Respondent, v JAMES A. KRAUSKOPF, as Commissioner of New York City Department of Social Services, Appellant, and CESAR A. PERALES, as Commissioner of New York State Department of Social Services, Intervenor-Appellant. — Order, Family Court of the City of New York, New York County (J. Turret, J.), entered February 21, 1984, denying

motion of City Commissioner to dismiss habeas corpus proceeding and custody action, and order of said court (A. H. Schwartz, J.), entered on or about February 16, 1984, directing that the parties submit to a human leucocyte antigen (HLA) blood test, are unanimously reversed, on the law, and the habeas corpus proceeding and the custody action in the Family Court are dismissed, without costs, without prejudice to an application by petitioner Savage to appellant State Commissioner to reopen the hearing for a new determination on the ground of newly discovered evidence.

Appeal from order of said court (A. H. Schwartz, J.), entered February 16, 1984, denying City Commissioner's motion to dismiss the action on the ground that petitioner lacked standing, is dismissed, without costs, in view of the foregoing determination.

Though they are called a habeas corpus proceeding and a custody action, the proceedings in the Family Court are clearly brought to review and to reverse the action of the appellant, the Commissioner of the New York City Department of Social Services, in removing a child from the foster parent's, petitioner Savage, home and custody. Such removal was done pursuant to section 400 of the Social Services Law. The statute explicitly provides for appeal of such an action by "fair hearing" procedure (Social Services Law, § 400, subd 2; § 22) which in turn is judicially reviewable by a CPLR article 78 proceeding (Social Services Law, § 22, subd 9, par [b]).

Petitioner Savage did avail herself of the "fair hearing" procedure specified in section 22 of the Social Services Law. After it was decided against her, she brought the present habeas corpus proceeding and custody action.

We think it is settled that an article 78 proceeding is the exclusive procedure for such judicial review. (*People ex rel. Ninesling v Nassau County Dept. of Social Servs.*, 46 NY2d 382, 386; cf. *Matter of Kim W.*, 58 NY2d 811, revg *Matter of Walker*, 87 AD2d 435, for the reasons stated by Justice Markewich in his dissent in the Appellate Division.) It follows that neither a habeas corpus proceeding nor a custody action will lie to review such action.

The Family Court does not have jurisdiction to entertain an article 78 proceeding. The fact that the Corporation Counsel moved to transfer the habeas corpus proceeding from the Supreme Court to the Family Court does not confer on the Family Court jurisdiction to treat the proceedings before it as an article 78 proceeding and to exercise the powers of a court which has jurisdiction to entertain article 78 proceedings.

We note that there is in fact a dormant article 78 proceeding now pending in the Supreme Court. Any issues properly reviewable by an article 78 proceeding can be reviewed in that pending proceeding. If, as petitioner contends, there is newly discovered evidence bearing on the issues, application can be made to the administrative agency to reopen the proceedings on that ground. (Cf. *Matter of Singer v Kirby,* 96 AD2d 889.) Concur — Sullivan, J. P., Asch, Silverman, Bloom and Alexander, JJ.