■ In the Matter of KAREN MAROTTA, Respondent, v SALVATORE FARIELLO, Appellant. [615 NYS2d 758] —In support proceedings pursuant to Family Court Act article 4, the father appeals (1) from an order of the Family Court, Suffolk County (Rodriguez, H.E.), entered April 25, 1991, which granted the mother leave to enter a money judgment in the amount of $5,854.37 ($5,844.37 plus $10 costs) for child support arrears, (2) from an order of the same court (Hall, J.), entered August 19, 1991, which denied the father's objections to the award of

child support arrears, (3) as limited by his brief, from so much of an order of the same court (Abrams, J.), entered May 21, 1992, as denied those branches of his application which were to vacate an order of the same court (Berler, J.), entered December 20, 1990, upon the parties' consent, which modified the father's visitation, and to vacate the order of the same court (Hall, J.), entered August 19, 1991, (4) from an order of the same court (Rodriguez, H.E.), entered June 9, 1992, which granted the mother a money judgment for child support arrears in the amount of $1,130, and (5) from an order of the same court (McNulty, J.), entered August 18, 1992, which denied the father's objections to the order of the same court (Rodriguez, H.E.), entered June 9, 1992.

Ordered that the orders dated April 25, 1991, August 19, 1991, June 9, 1992, and August 18, 1992, are affirmed, and the order entered May 21, 1992, is affirmed insofar as appealed from, with one bill of costs.

Following a hearing, by order entered March 27, 1991, the Hearing Examiner directed the father to pay child support arrears due pursuant to a judgment of divorce entered March 10, 1982, and directed the father to pay $40 per week to the mother. Clearly, the Family Court had jurisdiction to enforce and modify the parties' judgment of divorce, since the judgment specifically stated that the Family Court had jurisdiction over future support issues *(see,* Family Ct Act § 466 [c]; *see, Kleila v Kleila,* 50 NY2d 277; *Matter of Zamjohn v Zamjohn,* 158 AD2d 895, 896; *Zuckerman v Zuckerman,* 154 AD2d 666). Moreover, as the father failed to demonstrate that he was in any way prejudiced by the mother's delay in seeking enforcement of the child support provisions of the divorce judgment, his defense of laches was properly rejected by the Family Court *(see, Maule v Kaufman,* 33 NY2d 58; *Matter of Coger v Cusumano,* 191 AD2d 493).

The father's claim that the child refused to visit him and therefore forfeited the right of support is without merit. We note that, at a prior hearing, the parties entered into a stipulation, at the father's suggestion, limiting his visitation with the child to telephone contact unless the child desired further contact. In the order entered December 20, 1990, upon the parties' consent, the Family Court (Berler, J.), modified the visitation provisions of the judgment of divorce to conform with the stipulation. Under these circumstances, the father cannot now claim that the child abandoned him and therefore forfeited his right to support *(see, Matter of Wikoff v Whitney,*

179 AD2d 924). Further, although such limitations on visitation are generally disfavored (see, Pincus v Pincus, 138 AD2d 687, 688; Mahler v Mahler, 72 AD2d 739), since the stipulation was entered into in the presence of the child, and at the father's suggestion, the denial of the father's motion to vacate the stipulation and the order entered thereon was not an improvident exercise of discretion.

We further find that any technical errors concerning the dates of the hearings or orders of support were subsequently corrected and do not warrant a vacatur of the father's support obligations.

We have reviewed the father's remaining contentions and find that they are without merit. Rosenblatt, J. P., Copertino, Joy and Florio, JJ., concur.