■ In the Matter of ROBERTA MANCINI, Respondent, v JAMES MORMILE, Appellant. [651 NYS2d 133] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Freundlich, J.), entered June 30, 1995, which denied his objections to an order of the same court (Goglas, H.E.), dated April 3, 1995, fixing, after a hearing, child support arrears at $19,220.

Ordered that the order is modified, by deleting the provision thereof which denied the father's objection to that part of the Hearing Examiner's order denying his cross petition to enforce the parties' modification agreement dated March 9, 1986, and substituting therefor a provision sustaining that objection and

striking the amount awarded as arrears; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a recalculation of arrears due to the petitioner.

The parties, who have two children, were divorced in 1984. On March 9, 1986, the parties executed an agreement which, *inter alia,* reduced the father's child support obligations under the judgment of divorce. In September 1994 the mother commenced the instant proceeding in the Family Court for enforcement of the child support provisions of the divorce judgment. The father cross-petitioned for relief based on, *inter alia,* the agreement between the parties dated March 9, 1986, modifying the child support provisions of the judgment of divorce. After a hearing, the Hearing Examiner enforced the support obligations of the judgment of divorce and set the amount of arrears. The Family Court denied the father's objections to the Hearing Examiner's determination, concluding, *inter alia,* that it lacked jurisdiction to enforce the parties' out-of-court modification agreement.

Although the Family Court is a court of limited jurisdiction, it has the jurisdiction to enforce and modify the parties' divorce decree (*see,* Family Ct Act § 466 [c]; *Matter of Marotta v Fariello,* 207 AD2d 450). By the agreement dated March 9, 1986, the parties clearly intended to modify the divorce judgment, and the Family Court should have given effect to that agreement by modifying the judgment nunc pro tunc as of the date of the agreement. We therefore remit the matter for modification of the judgment, and for recalculation of arrears in accordance with the judgment as modified.

We have considered the father's remaining contention, and find it without merit. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.