■ The People of the State of New York, Respondent, v Kalvin Harmon, Appellant. [695 NYS2d 758] —Carpinello, J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered March 24, 1998, upon a verdict convicting defendant of the crimes of assault in the second degree (six counts) and attempted assault in the second degree.

On April 12, 1997, defendant caused injury to four correction officers at Coxsackie Correctional Facility in Greene County as they were attempting to move him from a keeplock cell. According to their testimony, the incident began when Correction Officer Carmen Angerami ordered defendant to put his hands behind his head so that he could be handcuffed prior to being moved to another cell. After Correction Officer Raymond Shanley opened the gate and Angerami attempted to handcuff defendant, defendant pulled Angerami to the ground and began punching him. As Angerami tried to defend himself, Correction Officer Stephen Adams moved into the cell, drew his baton and struck defendant on the back several times. Defendant then exited the cell and entered the tier, at which point Adams lost his balance and fell.

At the same time, Shanley confronted defendant and struck him twice on the shoulder with a baton. Defendant then seized Shanley's baton and swung it at Shanley's head, which the latter managed to deflect with his forearm. Drawn to the commotion, Correction Officer Nicholay Federow entered the tier and ordered defendant to stop and drop the baton. Defendant failed to heed Federow's orders and instead attempted to strike him as well. Defendant continued to fight, swinging the baton at all the correction officers trying to quell the outburst. After an emergency response team arrived, Adams and another officer attempted to secure defendant, with the three falling to the floor causing Adams to strike his head, back and shoulder. Angerami, Adams, Shanley and Federow were injured during the incident.

In May 1997, a Grand Jury indicted defendant on 11 counts of assault in the second degree (see, Penal Law § 120.05 [1],

[2], [3], [7]) and one count of assault on a peace officer (*see,* Penal Law § 120.08). Following a jury trial at which defendant testified, he was convicted of six counts of assault in the second degree and one count of attempted assault in the second degree. He was sentenced to 3½ to 7 years for each assault conviction and 1⅓ to 4 years for the attempted assault conviction. Four of the assault sentences were to run consecutively with each other yielding a cumulative total sentence of 14 to 28 years in prison.

Defendant contends that he cannot be found guilty of assault in the second degree with respect to Adams since his injuries were accidentally caused. We disagree. Defendant was convicted of assault in the second degree pursuant to Penal Law § 120.05 (3) which does not require intent to cause physical injury to a person. Rather, it is necessary that the individual act "[w]ith intent to prevent a peace officer * * * from performing a lawful duty" (*id.*). While physical injury must result, the plain language of the statute makes clear that no intent to cause such injury need be proven (*see, People v Campbell,* 72 NY2d 602, 604; *People v Munck,* 190 AD2d 963, *lv denied* 81 NY2d 974). Because defendant's conduct falls squarely within the parameters of this statutory provision, we perceive no basis for reversing his conviction.

As a final matter, we address defendant's claim that the 14 to 28-year prison sentence imposed by County Court is harsh and excessive. The imposition of consecutive sentences was not illegal since each assault was a separate and distinct act (*see, People v Laureano,* 87 NY2d 640, 643). Nevertheless, this Court may, where the circumstances warrant, exercise our plenary power to modify a sentence in the interest of justice (*see,* CPL 470.15 [6] [b]; *see also, People v Delgado,* 80 NY2d 780, 783; *People v Saunders,* 261 AD2d 718, 721-722; *People v Hearn,* 248 AD2d 889, 890). Here, the melee at issue was resolved in a matter of minutes. Moreover, while the trial testimony indicated that defendant was attempting to inflict "vicious blows" with the baton, fortunately none of the correction officers sustained injuries more serious than bruises and contusions. In recognition of the fact that the assaults began inside defendant's cell and, despite warnings to stop, continued onto the tier, the convictions involving Angerami and Adams should run consecutive to each other but concurrent to those involving Shanley and Federow, which should also run consecutive to each other. This would yield a cumulative total sentence of 7 to 14 years in prison.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is modified, as a matter of discre-

tion in the interest of justice, by reducing defendant's sentence in accordance with this Court's decision to a cumulative total sentence of 7 to 14 years in prison, and, as so modified, affirmed.