■ In the Matter of ADAM T., a Person Alleged to be a Juvenile Delinquent, Respondent. STEVEN RATNER, as Assistant Otsego County Attorney, Appellant. [731 NYS2d 294] —Crew III, J. Appeal from an order of the Family Court of Otsego County (Estes, J.), entered September 25, 2000, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

In April 2000, petitioner commenced this proceeding alleging that respondent had committed acts which, if committed by an adult, would constitute the crimes of criminal mischief in the third degree and reckless endangerment of property. The charges stemmed from an incident wherein respondent allegedly kicked the door of a vehicle operated by Kevin Hargrove, Jr. and owned by Hargrove's father, causing damage in excess of $250. A fact-finding hearing ensued, during the course of which Family Court inquired as to whether the parties had considered mediation. Subsequently, the matter was referred to a mediation service and, by consent agreement dated July 11, 2000, respondent, Hargrove and their respective fathers agreed, *inter alia*, that respondent and his father would secure a replacement door for the Hargrove vehicle by a particular date and either install it themselves or pay for a professional installer to do so.

By letter dated September 7, 2000, the Law Guardian requested that the underlying juvenile delinquency petition be dismissed. Petitioner opposed the application, noting that respondent and his father had not yet complied with the terms of the consent agreement, and requested that the matter be restored to Family Court's calendar for resumption of the fact-

finding hearing. Family Court subsequently dismissed the petition pursuant to Family Court Act § 320.6, finding that the mediation service provided was akin to the adjustment services outlined in the cited statute and, hence, the petition should be dismissed. This appeal by petitioner ensued.

Family Court Act § 320.6 (2) provides, in relevant part, that "[a]t the initial appearance the court may, with the consent of the victim or complainant and the respondent, refer a case to the probation service for adjustment services." If a matter is so referred and the probation service successfully "adjusts" the case, the petition will be dismissed (*see*, Family Ct Act § 320.6 [3]). Whatever parallels may exist between the mediation process in which the parties actually participated and the adjustment process offered by probation services pursuant to Family Court Act § 320.6, we agree with petitioner that the cited statute does not provide a basis for dismissal of the petition here. Simply stated, Family Court never referred this matter to probation service for adjustment. Although this Court is indeed vested with the discretion to dismiss the underlying juvenile delinquency petition on its own motion "in [the] furtherance of justice" (Family Ct Act § 315.2 [1]; *see*, *Matter of Deborah C.*, 261 AD2d 138, 139), we decline to do so. Accordingly, Family Court's order dismissing the petition is reversed.

Cardona, P. J., Mercure, Peters and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision.