Matter of V.F. v M.D. (2005 NY Slip Op 51488(U))

[*1]

Matter of V.F. v M.D.

2005 NY Slip Op 51488(U) [9 Misc 3d 1111(A)]

Decided on September 16, 2005

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 16, 2005

Family Court, Nassau County
In the Matter of V.F., Petitioner,
against
M.D., Respondent.
In the Matter of a Proceeding Under Article 8 of the Family Court Act M.D., Petitioner,
against Respondent.
O-XXX

Richard S. Lawrence, J.
M.D. (hereafter "Daughter") moves this Court by way of motion for an order directing the Nassau County Police Department to seal her arrest record with respect to a incident of August 9, 2003 and also "in the interests of justice." V.F. (hereafter "Mother") has submitted no opposition to the instant motion. The County Attorney has submitted an Affirmation in Opposition to the instant motion, upon a jurisdictional argument.
Previously, this Court heard two family offense matters, one involving the Mother against the Daughter, and the other involving the Daughter against the Mother. These resulted in a settlement wherein each party agreed to a final order of protection, without a finding, with respect to what is commonly known as a "general refrain" only, effective August 14, 2003, and each good for one year.
The Daughter now alleges that she would be eligible for a pro-
motion at her employment, but that her arrest record is a detriment and apparently prevents her promotion. Accordingly, she requests that this Court order the arrest record sealed. For the [*2]reasons set forth below, this Court is without jurisdiction to comply with the Daughter's request.
The Family Court is a court of limited jurisdiction; it may exercise only those powers specifically granted to it by the State Constitution (Art. VI, §13) as more fully specified in the Family Court Act. Matter of Walker v Walker, 86 NY2d 624, 629 (1995); Sparacio v Sporacio, 248 AD2d 705 (2d Dept 1998); Matter of Mancini v Mormile, 234 AD2d 461 (2d Dept 1996); and Matter of Dale P., 189 AD2d 325, 333 (2d Dept 1993), lv granted 82 NY2d 661 (1993), order aff'd as mod 84 NY2d 721 (1994).
The Family Court has concurrent jurisdiction with the criminal courts regarding family offenses. FCA §§115(e), 812.1, 812.2(a), 813.1 and 813.3. See also Bodouva v Bodouva, NYLJ August 6, 1999, p. 30, col. 4 (Family Court of New York, Nassau County, per Lawrence, J.); aff'd 263 AD2d 506 (2d Dept 1999), motion for reargument or leave to appeal, den'd October 1, 1999 (2d Dept), which, in a case of first impression, held that a family offense petition need not specify which penal law section was violated, and that the Family Court has jurisdiction to hear allegations that had just been dismissed in the criminal court.
As the County Attorney correctly points out in his affirmation in opposition, there is the possibility that there may be a criminal court proceeding against the Daughter, based upon the arrest record.
Likewise, the Family Court has no jurisdiction to entertain what may be, in effect, an Article 78 proceeding. In the Matter of Leonora M. V Krauskopf, et. no., 104 AD2d 755 (1st Dept 1984).
In her reply affirmation, the Daughter argues that 3 statutes
allow this Court to grant the relief sought.
The Daughter first refers to Criminal Procedure Law §160.50(2)(j). This Court notes that there is no such section in the CPL; however, there is CPL §160.50(3)(j), which refers to CPL §160.50(1). These sections state:
[CPL §160.50(1)]
Upon the termination of a criminal action or
proceeding against a person in favor of such
person, as defined in subdivision three of
this section, unless the district attorney upon
motion with not less than five days notice to
[*3]
such person or his or her attorney demonstrates
to the satisfaction of the court that the interests
of justice require otherwise, or the court on its
own motion with not less than five days notice to
such person or his or her attorney determines that
the interests of justice require otherwise and
states the reasons for such determination on the
record, the record of such action or proceeding
shall be sealed and the clerk of the court wherein
such criminal action or proceeding was terminated
shall immediately notify the commissioner of the
division of criminal justice services and the
heads of all appropriate police departments and
other law enforcement agencies that the action
has been terminated in favor of the accused, and
unless the court has directed otherwise, that the
record of such action or proceeding shall be sealed.
Upon receipt of notification of such termination
and sealing:
[CPL §160.50(3)(j)]
following the arrest of such person, the arresting
police agency, prior to the filing of an accusatory
instrument in a local criminal court but subsequent
to the forwarding of a copy of the fingerprints
of such person to the division of criminal justice
services, elects not to proceed further. In such
event, the head of the arresting police agency
shall serve a certification of such disposition
upon the division of criminal justice services
which, upon receipt thereof, shall comply with the
provisions of paragraphs (a), (b), (c) and (d) of
subdivision one of this section in the same manner
[*4]
as is required thereunder with respect to an order
of a court entered pursuant to said subdivision one.
This Court notes that §160.50(3)(j) refers to the lack of proceeding in a "local criminal court" after the fingerprints of the person have been forwarded to the division of criminal justice services. That section must be read in conjunction with CPL §160.50(1) which gives jurisdiction in these types of circumstances to the criminal court, and which allows the criminal court to seal the records in appropriate circumstances. As set forth earlier in
this decision and order, the Family Court is a court of limited jurisdiction and possess no criminal jurisdiction.
The Daughter also relies upon Family Court Act §812.1 regarding jurisdiction. As set forth earlier in this decision and order, that section solely states that the Family Court and the criminal courts shall have concurrent jurisdiction over a specific
list of acts, which constitute family offenses in the Family Court and criminal violations in the criminal court. That section, in and of itself, confers no further jurisdiction to the Family Court.
The third section relied upon by the Daughter is Family Court Act §815(e). The Court notes that there is no such statute. There is FCA §815, that deals solely with transcripts of family offense
proceedings in the Family Court, to be forwarded to the District Attorney upon his request. Such statute is irrelevant to the issues now before this Court.
Accordingly, this Court is without jurisdiction to entertain the Daughter's instant application, and her motion is denied.
This constitutes the Decision and Order of this Court.
Counsel:
John F. Phelan, Esq., Deputy County Attorney, Family Court Bureau, counsel for the County of Nassau
Anthony Mastroianni, Esq., counsel for M.D.
Dated: September 16, 2005
Westbury, New York