Matter of Jermaine K. (2006 NY Slip Op 50396(U))

[*1]

Matter of Jermaine K.

2006 NY Slip Op 50396(U) [11 Misc 3d 1066(A)]

Decided on March 20, 2006

Family Court, Queens County

Hunt, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 20, 2006

Family Court, Queens County
In the Matter of Jermaine K., a Person Alleged to be a Juvenile Delinquent, Respondent.
D-178XX/05

John M. Hunt, J.
By petition filed on November 2, 2005 respondent is alleged to have committed an act
which, were he an adult, would constitute the crime of Criminal Possession of Marihuana in the
Fifth Degree.
By motion filed on December 1, 2005 respondent moved for an order dismissing the
petition in furtherance of justice; an order referring this case to the Department of Probation for
adjustment; an order adjourning the proceeding in contemplation of dismissal; and an order
suppressing tangible property recovered from his person by police officers on the date of his
arrest. By order dated December 13, 2005 the Court denied the branch of the motion seeking
dismissal of the petition in furtherance of justice (Fam. Ct. Act §315.2), denied the branch of the
motion seeking referral of the case to the Department of Probation for adjustment services with
leave to renew this branch of the motion (Fam. Ct. Act §320.6 [2]), denied the branch of the
motion for an order adjourning these proceedings in contemplation of dismissal (Fam. Ct. Act
§315.3), and granted the branch of the motion seeking to suppress tangible property to the extent
that a Mapp hearing was ordered.
Respondent has filed a supplemental motion seeking to reargue or renew the branches of
his prior motion for orders dismissing the proceeding in furtherance of justice, referring the case
for adjustment services and adjourning the proceeding in contemplation of dismissal. Since the
date upon which the initial motion had been filed the Court attempted to resolve the case with
[*2]
counsel on two occasions and the fact-finding hearing has been scheduled for March 23, 2006.
With respect to the branch of the motion seeking dismissal of this case in furtherance of
justice pursuant to Family Court Act §315.2, the Court carefully considered the arguments raised
in respondent's motion as well as the statutory criteria and, to the extent that respondent seeks to
reargue this branch of the motion, the Court is not persuaded that it overlooked or misappre-
hended the relevant facts or misapplied any controlling principle of law and it adheres to its prior
decision (Civil Practice Law and Rules §2221; Pahl Equipment Corp. v. Kassis, 182 AD2d 22,
27; Bolos v. Staten Island Univ. Hosp., 217 AD2d 643; Simon v. Mehryari, 16 AD3d 664, 665).
While the Court has considered that respondent has experienced turmoil in his family, leading to
his placement in foster care, this does not explain why a police officer allegedly observed him to
be in possession of burning marijuana in a public place.
Similarly, the Court denies reargument of that branch of the motion which seeks to refer
the case to the Department of Probation for adjustment services pursuant to Family Court Act
§320.6 [2] (see, Matter of Aaron J., 80 NY2d 402). As noted by the Law Guardian, respondent is
presently placed in the custody of the Commissioner of Social Services, and it appears to the
Court that this agency may be experiencing problems in controlling respondent's behavior. As
indicated herein, it is not clear that respondent's interests or those of society will be served by an
immediate and irrevocable dismissal of this proceeding and a loss of jurisdiction by this Court in the event that probation adjustment proves successful (Fam. Ct. Act §320.6 [3]).
Eighteen days after this Court issued its prior decision in this proceeding, the Appellate
Division, Second Department, issued its decision in Matter of Jazmine E. (24 AD3d 760) in
which the Appellate Division held., inter alia, that the Family Court is authorized to refer a
juvenile delinquency proceeding to the probation service for adjustment services "as a condition
of an adjournment in contemplation of dismissal pursuant to Family Court Act §315.3" (id.). A
review of this Court's order of December 9, 2005 reflects that the branch of respondent's motion
for an order referring this case to the Department of Probation for adjustment services under
Family Court Act §320.6 (2) was denied upon the ground that he failed to appear at the Probation
[*3]
Department as directed in a Family Court appearance ticket issued by the arresting officer (see,
Fam. Ct. Act §307.1 [1]), which led to a referral of the matter to the Presentment Agency (Fam.
Ct. Act §307.2 [1]).
Respondent's unfortunate family circumstances and his apparent need for supervision
militate against a dismissal of the case in furtherance of justice or a referral of the case for
adjustment pursuant to Family Court Act §320.6 (2) which, as previously observed, could lead to
a dismissal of the case and a loss of jurisdiction over the respondent (Fam. Ct. Act §320.6 [3]).
Because "[t]he overriding intent of the juvenile delinquency article is to empower Family Court
to intervene and positively impact the lives of troubled young people while protecting the public"
(Matter of Robert J., 2 NY3d 339, 346; see also, People v. Gray, 84 NY2d 709, 715 (Levine, J.,
concurring) [historic purpose of juvenile justice system is rehabilitation]), and because the
adjustment process is designed to result in the informal and consensual resolution of a juvenile
delinquency case under the auspices of the probation service (9 NYCRR §354.1 [e]; see, Matter
of Aaron J., at 406; Matter of Bernard C., 168 Misc 2d 813, 817),[FN1] this Court finds that an
adjournment in contemplation of dismissal upon the specific condition that respondent cooperate
with adjustment services offered by the Department of Probation, and upon the further conditions
that he cooperate with the Administration for Children's Services ("ACS"), that he cooperate
with any referrals for services made by ACS or the Department of Probation such as substance
abuse treatment or individual counseling, that he meet with a Probation Officer during the period
of an adjournment in contemplation of dismissal, as well as directions that he commit no further
[*4]
delinquent or criminal acts and attend school regularly, will be sufficient to allow respondent to
remain in the community, avoid the stigma of a juvenile delinquency adjudication and, most
importantly, permit this Court to reassert its delinquency jurisdiction within the next six months
should he be unable to comply with the terms and conditions imposed by the Court (see, Fam. Ct.
Act §315.3 [1]).
Therefore, the reargument is granted as to the branch of the motion seeking an
adjournment of the proceeding in contemplation of dismissal and, upon reargument, that branch
of the motion is granted to the extent indicated.
This constitutes the order of the Court.
 ENTER:
 ______________________________
 John M. Hunt
 Judge of the Family Court
Dated: Jamaica, New York
 March 20, 2006

Footnotes

Footnote 1:Although Family Court Act §320.6 (2) states that the Court may refer a case to the probation service "at the initial appearance", the holding in Matter of Jazmine E., supra, indicates
that such a referral may be made subsequent to the conclusion of the initial appearance but before
the entry of an order adjudicating a respondent to be a juvenile delinquent (Fam. Ct. Act §315.3 [1];Matter of Edwin L., 88 NY2d 593, 600; Matter of Janay P., 11 AD3d 697). A construction of the statute which limits the authority to refer a case solely to the date of the initial appearance would frustrate the goal of achieving adjustment in appropriate cases (Matter of Aaron J., at 407; see also, Matter of Vincent F., 121 Misc 2d 992).