■ NANCY RIVERS, Respondent-Appellant, v RONALD RIVERS, Appellant-Respondent. [826 NYS2d 347]—

In a matrimonial action in which the parties were divorced by judgment dated December 14, 1990, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Dutchess County (Brands, J.), dated December 5, 2005, as, upon an order of the same court dated September 2, 2005, granting, after a hearing, that branch of the plaintiff's motion which was for a money judgment for maintenance arrears due pursuant to the parties' judgment of divorce and the parties' stipulation of settlement dated July 10, 1990, which was incorporated but not merged into the judgment of divorce, is in favor of the plaintiff and against him in the principal sum of $17,225, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment, as, upon so much of the order dated September 2, 2005, as denied that branch of her motion which was, in effect, for an award of interest pursuant to Domestic Relations Law § 244, computed from the date on which each maintenance payment was due, together with interest from September 2, 2005, to the date of judgment.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the judgment is reversed insofar as cross-appealed from, on the law and the facts, the matter is remitted to the Supreme Court, Dutchess County, for an award of interest pursuant to Domestic Relations Law § 244, computed from the date on which each maintenance payment was due, and for the entry of an amended judgment thereafter, and the order dated September 2, 2005, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The parties' stipulation of settlement was incorporated but not merged into their December 14, 1990, judgment of divorce. The stipulation provided that the defendant was to pay maintenance to the plaintiff in the sum of $75 per week during the time he was obligated to pay child support, and in the sum of $125 per week thereafter, until July 10, 1997. The plaintiff took up residence with another man in 1991 and in 1994 the defendant, on the basis of that cohabitation, discontinued his maintenance payments. It is undisputed that had the defendant's maintenance payments been continued from that time until the scheduled termination of his maintenance obligation in 1997, the plaintiff would have received an additional $17,225.

By notice of motion dated November 5, 2004, the plaintiff moved to recover the $17,225 in arrears, plus interest and an award of an attorney's fee. In an order dated September 2, 2005, the Supreme Court granted the motion to the extent of award-

ing judgment to the plaintiff in the principal sum of $17,225, but denied, inter alia, that branch of the plaintiff's motion which was, in effect, for an award of interest pursuant to Domestic Relations Law § 244, computed from the date on which each maintenance payment was due.

A stipulation of settlement that has been incorporated, without being merged, into a judgment of divorce is a contract, subject to the principles of contract construction and interpretation (*see Lang v Lang*, 20 AD3d 396 [2005]; *Malleolo v Malleolo*, 287 AD2d 603, 603-604 [2001]; *see generally Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]). Here, the contract provided that the defendant's maintenance payments "shall continue until the death or remarriage of the plaintiff, but in no event shall they continue beyond July 10, 1997." The plaintiff's cohabitation with another man was not a basis for the premature termination of the defendant's obligation. Thus, the Supreme Court properly found that the defendant had breached the contract by failing to pay maintenance as the contract required, and that the plaintiff was thereby damaged in the principal sum of $17,225.

Contrary to the defendant's argument, in the absence of an injury to him, a change in position to his detriment, or other disadvantage to him arising from the plaintiff's delay in seeking to enforce his maintenance obligation, the Supreme Court properly rejected his laches defense (*see Koplow v Koplow*, 260 AD2d 353, 354 [1999]; *Haberman v Haberman*, 216 AD2d 525, 527 [1995]; *Labita v Labita*, 147 AD2d 535, 536 [1989]). Moreover, the defendant failed to demonstrate that the plaintiff had voluntarily relinquished her right to recover maintenance arrears, as he was required to do in order to establish his defense of waiver (*see Coppola v Coppola*, 291 AD2d 477 [2002]; *see also Matter of Dox v Tynon*, 90 NY2d 166, 174-175 [1997]). "[T]he mere fact that the plaintiff delayed in commencing legal proceedings to enforce the support obligation does not itself establish that a waiver occurred" (*Messina v Messina*, 143 AD2d 735, 737 [1988]).

However, the Supreme Court erred in denying that branch of the plaintiff's motion which was, in effect, for an award of interest pursuant to Domestic Relations Law § 244, computed from the date on which each maintenance payment was due. A judgment on an unpaid support obligation "shall provide for the payment of interest on the amount of any arrears if the default was willful, in that the obligated spouse knowingly, consciously and voluntarily disregarded the obligation under a lawful court order" (Domestic Relations Law § 244). The defendant testified

that he was aware when he discontinued his maintenance payments that the stipulation permitted him to do so if the plaintiff remarried, but not merely because she cohabited with another man, and that he nevertheless discontinued the maintenance payments without seeking modification of the stipulation because he would prefer not to spend money litigating this if the plaintiff did not object to his action. Accordingly, the defendant's default was willful within the meaning of the statute and the wife was entitled to interest on the maintenance arrears he owed pursuant to Domestic Relations Law § 244 (*see* Domestic Relations Law § 244; *Manno v Manno,* 224 AD2d 395, 400 [1996]; *Friedman v Exel,* 116 AD2d 433, 437 [1986]).

Motion by the appellant-respondent to deem his notice of appeal from an order of the Supreme Court, Dutchess County, dated September 2, 2005, to be a premature notice of appeal from a judgment of the same court dated December 5, 2005. By decision and order on motion of their court dated May 12, 2006, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in response thereto, and the argument of the appeal, it is

Ordered that the motion is granted, and the appellant-respondent's notice of appeal from the order dated September 2, 2005, is deemed to be a premature notice of appeal from the judgment dated December 5, 2005 (*see* CPLR 5520 [c]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.