Matter of Shabar W. (2007 NY Slip Op 50086(U))

[*1]

Matter of Shabar W.

2007 NY Slip Op 50086(U) [14 Misc 3d 1218(A)]

Decided on January 19, 2007

Family Court, Queens County

Hunt, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 19, 2007

Family Court, Queens County
In the Matter of Shabar W., Respondent,
 D-20384/06

 Appearances of Counsel: Michael Cardozo, Corporation Counsel (Faith S. Lovell of counsel), New
York City, for Presentment Agency. The Legal Aid Society (Tamara Steckler and Steven Douglas
Levine), New York City, Law Guardian.

John M. Hunt, J.
By amended petition filed on December 6, 2006 respondent is alleged to have committed
acts which, were he an adult, would constitute the crimes of Assault in the Second Degree, Assault
in the Third Degree, Obstructing Governmental Administration in the Second Degree and Resisting
Arrest.[FN1]
Respondent has moved by supplemental motion for, inter alia, an order dismissing the
amended petition as jurisdictionally defective; an order adjourning the proceeding in contemplation
of dismissal and an order referring the case for adjustment services by the Department of Probation
[*2]
The motion is decided as follows.[FN2]
 

The branch of the motion seeking dismissal of the amended petition as jurisdictionally
defective is denied. With respect to Count Three of the amended petition, which charges respondent
with an act constituting Obstructing Governmental Administration and Count Two of the amended
petition, which charges him with an act constituting Resisting Arrest, these two crimes were the
subject of the initial petition. Respondent moved for dismissal of these charges in his first omnibus
motion and that motion was denied by this Court in its written order dated December 11, 2006.
Upon review of the supplemental motion filed by respondent and the responding affirmation filed
by the Assistant Corporation Counsel, the Court deems that part of respondent's supplemental
motion seeking dismissal of the counts charging Obstructing Governmental Administration in the
Second Degree and Resisting Arrest to be a motion to reargue that portion of the Court's December
11, 2006 order (see, Civil Practice Law and Rules §2221; Weinstein-Korn-Miller, NY Civ Practice,
vol. 4, ¶2221.04), and upon reargument, the Court is not persuaded that it overlooked or
misapprehended the relevant facts or misapplied any controlling principle of law. Thus, the Court
adheres to its prior decision denying dismissal of the counts charging Obstructing Governmental
Administration in the Second Degree and Resisting Arrest (see, Pahl Equipment Corp. v. Kassis,
182 AD2d 22, 27 [1992]; Bolos v. Staten Island Univ. Hosp., 217 AD2d 643 [1995]; Simon v.
Mehryari, 16 AD3d 664, 665 [2005]).
[*3]
The count charging respondent with committing an act which would constitute the crime of
Assault in the Second Degree (Penal Law §120.05 [3]) is jurisdictionally sufficient. The supporting
depositions of School Safety Agent Janet Jean-Baptiste and New York City Police Officer Thomas
Rodriguez establish if true, that respondent acted with intent to prevent the School Safety Agent, a
Peace Officer (Criminal Procedure Law §2.10 [27]), and Police Officer Rodriguez (Criminal
Procedure Law §1.20 [34]), from performing their lawful duties and that as a result of respondent's
actions, Police Officer Rodriguez sustained physical injury within the meaning of Penal Law §10.00
(9) (see, People v. Campbell, 72 NY2d 602, 604 [1988]; People v. Rojas, 97 NY2d 32, 40 [2001]; 
People v. Coulanges, 264 AD2d 853 [1999], lv. denied 94 NY2d 878 [2000]; People v. Harmon,
264 AD2d 941, 942 [1999]).
While the crime of Assault in the Second Degree under Penal Law §120.05 (3) does not
require proof that the defendant acted with the intent to injure the officer or public servant since it is
a crime of strict liability with respect to the injury (see, People v. Campbell, at 605; People v. Rojas,
at 40; People v. Harmon, at 942), the supporting depositions of School Safety Agent Jean-Baptiste
and Police Officer Rodriguez establish, if true, that defendant acted recklessly within the meaning of
Penal Law §15.05 (3) (see, People v. Van Nostrand, 85 NY2d 131, 135 [1995]), and that as a result
[*4]
of respondent's reckless conduct Officer Rodriguez sustained physical injury. Accordingly, the
count charging respondent with commission of an act constituting Assault in the Third Degree (P.L.
§120.00 [2]) is also jurisdictionally sufficient (e.g., Matter of Robert W., 212 AD2d 1005, 1006
[1995], lv. denied 86 NY2d 702 [1995]; People v. Chatman, 289 AD2d 132 [2001], lv. denied 98
NY2d 673 [2002]).
The branch of respondent's motion for an order referring this case to the Department of
Probation for adjustment services pursuant to Family Court Act §320.6 is denied. As the Court
held in the prior order dated December 11, 2006, the statute does not authorize the Court to refer
this case for post-petition adjustment in the absence of proof that Agent Jean-Baptiste and Officer
Rodriguez consent to the referral of this matter for adjustment services (Fam. Ct. Act §320.6 [2];
Matter of Aaron J., 80 NY23d 402 [1992]). Contrary to respondent's argument, the Family Court
may not compel the Department of Probation to adjust a case. Adjustment is a function delegated
solely to the Probation Department, an agency of the Executive Branch, and is governed by statute
and regulation (Fam. Ct. Act §308.1; 22 NYCRR §§205.22, 205.23; 9 NYCRR part 354; see, Matter
of Bernard C., 168 Misc 2d 813 [1996]). While adjustment generally occurs prior to the
commencement of a juvenile delinquency proceeding (Fam. Ct. Act §308.1 [2]), with one exception
not relevant to this case, the Court plays no role in the pre-petition adjustment process.[FN3] Similarly, in
[*5]
the situation where a post-petition referral for adjustment services is sought, the role of the Court is
limited to granting or denying the application (Fam. Ct. Act §320.6 [2]; Matter of Aaron J., at 402).
While the Family Court may refer a case to the Department of Probation for adjustment
services (id.; Matter of Deborah C., 261 AD2d 138 [1999]; Matter of Adam T., 287 AD2d 833, 834
[2001]), and the Court may also adjourn a proceeding in contemplation of dismissal conditioned
upon a respondent's cooperation with adjustment services (Matter of Jazmine E., 24 AD3d 760
[2005]; Matter of Jermaine K., 11 Misc 3d 1066[A], 2006 NY Slip Op 50396[U] [2006]), the statute
and regulations simply do not authorize the Court to compel the Department of Probation to adjust a
particular case. Likewise, there is no authority for the type of intrusive judicial supervision of the adjustment process which respondent seeks by demanding that the Court order the Department of
Probation to adjust a case in apparent contravention of their internal agency guidelines.[FN4]
To the extent that respondent seeks to challenge the Probation Department's execution of its
statutory and regulatory adjustment duties or to compel the Department to perform a mandated duty,
those are matters which are beyond the scope of this Court's jurisdiction and they are more properly
raised in a different proceeding in a different forum (see, Matter of Leonora M. v. Krauskopf, [*6]104
AD2d 755, 756 [1984]; King v. State Education Department, 182 F.3d 162, 163 [2d Cir.1999]).
The branch of respondent's motion for an order adjourning the proceeding in contemplation
of dismissal is denied, without prejudice to renewal prior to the entry of any order of disposition in
this proceeding (Matter of Edwin L., 88 NY2d 593, 600 [1996]; Matter of Janay P., 11 AD3d 697,
697-698 [2004]; In re Melissa VV., 26 AD3d 682, 683 [2006]). Respondent's supplemental motion
presents no additional facts which were not considered by the Court when this application was
before the Court on the initial motion and the Court adheres to its prior decision.
As this Court previously stated, an adjournment in contemplation of dismissal "is an
adjournment of the proceeding, for a period not to exceed six months, with a view to ultimate
dismissal of the petition in furtherance of justice" (Fam. Ct. Act §315.3 [1]). Given the serious
allegations against the respondent, which include his involvement in a physical altercation with
another student on school grounds, his contempt and disrespect for school officials and law
enforcement officers, and his physical resistance to an apparently lawful arrest, and considering that
"[t]he overriding intent of the juvenile delinquency statute is to empower Family Court to intervene
and positively impact the lives of troubled young people while protecting the public" (Matter of
Robert J., 2 NY3d 339, 346 [2004]), the Court cannot conclude based upon the information
presently available that the best interests of the respondent and the safety of the public are served by
[*7]
an ACD, which is an outcome which does not involve a finding of juvenile delinquency (e.g., 
Matter of Khaled S., 283 AD2d 197 [2001]). Respondent is not entitled to have the proceedings
adjourned in contemplation of dismissal simply because this is his first contact with the juvenile
justice system (In re Nikita P., 3 AD3d 499, 501 [2004]; In re Julissa R., 30 AD3d 526, 528 [2006]; 
In re Jayson R., 34 AD3d 685 [2006]).
This constitutes the order of the Court.
ENTER
_____________________________________
JOHN M. HUNT, J.F.C.
Dated: Jamaica, New York
January 19, 2007

Footnotes

Footnote 1:The initial petition filed against respondent with respect to the alleged incident charged him with commission of acts constituting the crimes of Resisting Arrest and Obstructing
Governmental Administration in the Second Degree.

Footnote 2:The decision has been edited for purposes of publication.

Footnote 3:The sole exception is that where a juvenile is alleged to have committed a designated
felony act (Fam. Ct. Act §301.2 [8]), the Probation Department must obtain written approval
from a Family Court Judge prior to implementing adjustment services (Fam. Ct. Act §308.1 [3]).

Footnote 4:According to respondent, the Probation Department will not adjust a case in which the
accused juvenile refuses to admit culpability. Notably, the pertinent state regulations authorize the local Director or Commissioner of the Probation Department or Probation Service to adopt
written criteria relating to the adjustment of cases for the local department which may include
"written criteria and procedures when necessitated by court order or local circumstances" (9 NYCRR §354.4 [b] [4]; see, 9 NYCRR §§354.4 [a] [2]; 354.3 [b]; 354.5 [j]).