In the Matter of DEBRA SARFATY, Respondent, v RALPH RECINE, Appellant. [830 NYS2d 567]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Edlitz, J.), entered April 18, 2006, as denied his objections to an order of the same court (Furman, S.M.), dated November 28, 2005, which, after a hearing, continued a child support order, fixed the amount of child support arrears at $39,608.81, and entered a judgment of arrears thereon.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In August 1992, the mother and the father entered into a separation agreement (hereinafter the agreement) which, inter alia, provided for the support of their child and for the concur-

rent jurisdiction of the Family Court and the Supreme Court. Although the agreement contained a provision stating that the agreement "shall be incorporated in [any] judgment or decree [of divorce]," the judgment of divorce dated January 25, 1993, failed to contain such provision of incorporation. However, on December 16, 2004, upon the mother's application, the Supreme Court amended the judgment of divorce to incorporate the agreement. In February 2005 the mother commenced the instant proceeding to enforce the father's child support obligation under the amended judgment of divorce.

As a threshold matter, since it was the parties' intent to have the agreement and its child support provisions incorporated into the original judgment of divorce dated January 25, 1993, the Family Court properly determined that the father's child support obligation as set forth in the agreement was enforceable for the period prior to the date of the amended judgment of divorce (*see Matter of Mancini v Mormile*, 234 AD2d 461, 462 [1996]; *Fishkin v Fishkin*, 201 AD2d 202, 206-207 [1994]).

Contrary to the father's contention, the Family Court properly fixed the amount of child support arrears based upon the father's child support obligation as set forth in the agreement and entered and docketed a money judgment enforceable through income execution (*see* Family Ct Act § 454 [2] [a]; 460 [3]; CPLR 5241).

In addition, the mother was not barred by the doctrine of laches from collecting arrears, as the father failed to prove that he was prejudiced by the mother's delay in amending the judgment (*see Matter of Marotta v Fariello*, 207 AD2d 450, 451 [1994]). Indeed, it was the father's own recalcitrance in providing the mother with his tax returns from 1993 until 2004 which contributed to the mother's delay in bringing the enforcement proceeding.

Finally, insofar as the statute of limitations for commencing a proceeding to enforce an order of support is 20 years, the mother has proceeded within the relevant limitations period (*see* CPLR 211 [e]). Rivera, J.P., Santucci, Skelos and McCarthy, JJ., concur.