■ Susan Stassa, Respondent, v George Stassa, Appellant. [902 NYS2d 591]—

In an action to recover damages for breach of a stipulation of settlement, the terms of which were neither incorporated nor merged into a judgment of divorce entered September 16, 1983, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), entered November 17, 2009, as denied those branches of his motion which were to dismiss the complaint on the ground of laches, waiver, and estoppel.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant were married in 1957. In early 1983, they executed a stipulation of settlement (hereinafter the stipulation) resolving their marital differences. Thereafter, they were divorced by judgment entered September 16, 1983. In January 2008 in the context of earlier motion practice, the Supreme Court determined that the stipulation was not incorporated into the judgment of divorce. As a result, in May 2008 the plaintiff commenced this action, alleging that the defendant breached the stipulation by failing to adjust his maintenance payments to include annual cost of living increases as provided in the stipulation. The defendant moved to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a) (5) on the ground that it was time-barred by the six-year statute of limitations and by waiver, laches, and estoppel. The plaintiff conceded that she was limited in any recovery to only those amounts due from six years prior to the commencement of the action forward (*see* CPLR 213 [2]). Accordingly, the Supreme Court granted that branch of the defendant's motion which was to dismiss the complaint as time-barred by the statute of limitations to the limited extent of directing that the six-year statute of limitations governed this action. The Supreme Court denied the remaining branches of the defendant's motion. The defendant

appeals from so much of the order as denied those branches of his motion which were to dismiss the complaint in its entirety as barred by laches, waiver, and estoppel. We affirm.

The Supreme Court properly denied those branches of the defendant's motion which were to dismiss the complaint as barred by laches, waiver, and estoppel. Since this is an action at law, laches is not applicable (see Fade v Pugliani/Fade, 8 AD3d 612, 615 [2004]; Hilgendorff v Hilgendorff, 241 AD2d 481 [1997]). In any event, the defendant failed to show, beyond conclusory allegations, that he was injured or prejudiced by the plaintiff's inaction or delay in commencing the action (see Matter of Sarfaty v Recine, 37 AD3d 609, 610 [2007]; Rivers v Rivers, 35 AD3d 426, 428 [2006]; Skrodelis v Norbergs, 272 AD2d 316 [2000]; Haberman v Haberman, 216 AD2d 525, 527 [1995]).

As to waiver, the defendant's motion papers did not show that the plaintiff had voluntarily relinquished her right to recover the cost of living increases pursuant to the stipulation (see Rivers v Rivers, 35 AD3d at 428). Regarding estoppel, the defendant also failed to show that he justifiably relied upon the plaintiff's words or deeds to his detriment and that the enforcement of the plaintiff's contractual rights would work a fraud or injustice upon him (see Matter of Shondel J. v Mark D., 7 NY3d 320, 326-327 [2006]; Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982]).

The defendant's remaining contentions are either without merit or improperly raised for the first time on appeal. Dillon, J.P., Miller, Dickerson and Chambers, JJ., concur.