Fifth Line, LLC v Fitch (2018 NY Slip Op 08630)





Fifth Line, LLC v Fitch


2018 NY Slip Op 08630


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-12383
 (Index No. 508459/14)

[*1]Fifth Line, LLC, appellant, 
v
Hollis T. Fitch, et al., respondents.


Doron Zanani, New York, NY, for appellant.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York, NY (Paul N. Gruber of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of a lease, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated October 20, 2016. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment dismissing the defendants' first counterclaim and second through eighth affirmative defenses.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiff's motion which were for summary judgment dismissing the second through eighth affirmative defenses, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2010, the plaintiff, Fifth Line, LLC (hereinafter the tenant), leased property from the defendants (hereinafter together the landlord) to operate a pilates/gyrotonics/yoga studio pursuant to a written lease, which had an expiration date of March 31, 2014. The lease gave the tenant the option to extend the lease for an additional two years by written notice to the landlord, using certified mail, at least six months before the expiration date, and set forth an increased rent that would be applicable if the lease were renewed. Paragraph 15 of the lease provided that, if the premises were so damaged that the tenant could not use the premises for the stated purpose of a pilates/gyrotonics/yoga studio, the tenant could terminate the lease; if there was only "minor damage to any part of the leased premises," the landlord was to promptly repair the damage; and if the premises were rendered unfit for use or occupancy in whole or in part, the tenant "shall be relieved from paying rent and other charges" until repairs were made.
In an email to the tenant dated October 2, 2013, the landlord stated that the tenant had to provide a six-month written notice of its intention to exercise its option to renew. On October 20, 2013, the tenant replied that it would like to exercise the two-year renewal option since "[T]he space has worked well for us," and continued to pay rent.
In June 2014, the tenant informed the landlord that a long-standing water condition had damaged the wooden floor of the lower level of the premises and, as a result of the damages, it would not pay rent for that month. The landlord commenced a summary nonpayment eviction [*2]proceeding in the Civil Court of the City of New York, seeking to recover the rent payment for June 2014 in the sum of $3,787.50. By order dated October 2, 2014, the Civil Court directed the entry of a judgment evicting the tenant and a money judgment in favor of the landlord for the June 2014 rent in the sum of $3,787.50.
The tenant commenced this action in the Supreme Court to recover damages for breach of the lease, including the rent it paid after the premises allegedly was damaged. The landlord counterclaimed, inter alia, for rent and water charges accruing from July 2014 through July 2015, and asserted a number of affirmative defenses. The tenant moved for summary judgment dismissing the landlord's first counterclaim for rent and water charges, as well as the landlord's second through eighth affirmative defenses, alleging that the lease authorized the tenant to withhold rent until the damages were repaired. The order, insofar as appealed from, denied the tenant's motion.
The tenant failed to establish its entitlement to judgment as a matter of law with respect to the landlord's first counterclaim. There are triable issues of fact as to whether the tenant was obligated to pay rent and water charges accruing from July 2014 through July 2015, and whether the premises were unfit for use, thereby giving the tenant the right to withhold rent payments pursuant to the terms of the lease. Accordingly, we agree with the Supreme Court's determination denying that branch of the tenant's motion which was for summary judgment dismissing the landlord's first counterclaim.
However, those branches of the tenant's motion which were for summary judgment dismissing the second through eighth affirmative defenses should have been granted. The second affirmative defense stated that the tenant elected a remedy by not paying rent, and therefore the tenant is not entitled to damages. However, the lease contained an express provision that the tenant could withhold rent if the premises were damaged and not repaired. Generally, a tenant's duty to continue to pay rent is not suspended if the tenant remains in possession of the leased premises, even if the landlord breaches its obligations under the lease, unless there is an express provision in the lease declaring the circumstances under which the tenant may withhold rent (see Westchester County Indus. Dev. Agency v Morris Indus Bldrs., 278 AD2d 232 ). Such an express provision was present here. Therefore, the withholding of rent was not an election of remedies.
The third affirmative defense alleged that documentary evidence forecloses the tenant from securing any relief. However, the documents are not identified.
The fourth affirmative defense alleged laches, waiver, unclean hands, estoppel, and/or equitable estoppel. Laches and unclean hands are equitable defenses not available in this action to recover damages (see Garber v Stevens, 94 AD3d 426; Stassa v Stassa, 73 AD3d 1157; Greco v Christoffersen, 70 AD3d 769). Further, the landlord did not allege any false representation by the tenant upon which the landlord relied and which would support the allegations of estoppel or equitable estoppel or any conduct which would constitute a waiver.
The fifth affirmative defense alleged the statute of frauds. However, the parties' lease satisfied the statute of frauds.
The sixth affirmative defense alleged res judicata and collateral estoppel based upon the determination of the Civil Court. However, the Civil Court did not and could not decide the issues presented in this case. Once the tenant was evicted in October 2014, the landlord-tenant relationship terminated, and the Civil Court lacked subject matter jurisdiction to entertain a cause of action for additional damages allegedly owed (see Ross Realty v V & A. Fabricators, Inc., 42 AD3d 246).
The seventh affirmative defense alleged that the damages were the result of the tenant's negligence, but did not allege any facts indicating that the damages were the result of the tenant's negligence.
The eighth affirmative defense alleged that the tenant "neither surrendered nor [*3]abandoned the premises warranting any claims of constructive eviction." However the tenant is not suing for damages based upon constructive eviction. Rather, the tenant is seeking damages pursuant to the terms of the parties' lease.
The tenant's remaining contentions are without merit.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court