■ In the Matter of DEBORAH C., a Person Alleged to be a Juvenile Delinquent, Appellant. [689 NYS2d 485] —Order of disposition, Family Court, New York County (Richard Ross, J.), entered on or about November 3, 1997, which adjudicated respondent-appellant a juvenile delinquent, upon a fact-finding determination that she committed acts which, if committed by an adult, would constitute the crimes of criminal mischief in the fourth degree, making graffiti and possession of graffiti instruments, and placed her under the supervision of the Probation Department for a period of 18 months, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, the order of disposition vacated and the petition dismissed.

Given the provisions of Family Court Act § 308.1 (2) and the criteria set forth in Uniform Rules for the Family Court (22 NYCRR) § 205.22, it was an improvident exercise of the court's discretion to refuse to refer this matter a second time to the Probation Department for adjustment simply because the respondent and her family had "moved, and never told anyone."

The 12-year-old respondent was charged with scratching her little brother's name into a subway seat with a stone while accompanied by her mother and two other young children. At her first appearance, the court (Mary Bednar, J.) adjourned the matter for two months and referred it for adjustment pursuant to Family Court Act § 308.1 (2) in light of the fact that it appeared to be respondent's first involvement with the law. However, the Probation Department was unable to contact the mother or child by letter or telephone during the two-month period. Upon their appearance in court on the adjourned date, the court (Rhoda Cohen, J.) refused to refer the matter to the Probation Department for a second time despite the fact that respondent and her mother had apparently notified their Legal Aid Attorney, who was then on sick leave, of their move.

Despite the presentment agency's argument that the order of disposition placing respondent on probation was based upon respondent's needs and best interests, this matter should never have reached the dispositional stage. The nature of the offense, which can be attributed more than anything to the mother's lack of supervision on the subway, is such that respondent

should not be stigmatized as a juvenile delinquent because of any shortcomings of her mother and the court's unreasonable refusal to again refer this matter for adjustment. Since respondent's probationary period is almost over, it would serve no useful purpose to remand this matter to Family Court for adjustment. Thus, despite the failure of respondent's counsel to move to dismiss the petition in furtherance of justice, the Family Court or this Court may do so on its own motion (Family Ct Act § 315.2 [2]).

Accordingly, considering the fact that this is respondent's first brush with the law, the minor nature and the circumstances of the offenses charged, respondent's age, and her essentially good school record, the petition is dismissed in furtherance of justice. Concur—Lerner, J. P., Rubin, Mazzarelli and Andrias, JJ.