■ In the Matter of JUSTIN CHARLES H., a Person Alleged to be a Juvenile Delinquent, Appellant. [780 NYS2d 13]—

Order of disposition, Family Court, New York County (Mary E. Bednar, J.), entered on or about June 19, 2003, which

adjudicated appellant a juvenile delinquent upon a fact-finding determination that appellant had committed an act that, if committed by an adult, would constitute the crime of reckless endangerment in the second degree, and which conditionally discharged him for a period of 12 months, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs or disbursements, the finding of juvenile delinquency and order of conditional discharge vacated and the matter remanded with the direction to order an adjournment in contemplation of dismissal pursuant to Family Court Act § 315.3 (1).

The finding that appellant committed acts constituting the crime of reckless endangerment in the second degree was based on appellant's admission that, in "horsing around" at 2:30 A.M. on the southbound A train platform of the 14th Street station, he threw pennies at a subway train and struck the conductor, "accidentally hit[ting] him in the face." Apparently, appellant, 14 years of age, did not see the conductor before he threw the pennies. On its own inquiry, the court ascertained that appellant was on his way home from a YMCA party.

Appellant challenges the dispositional order of a 12-month conditional discharge. We agree that, in the circumstances, such disposition is not "the least restrictive available alternative," taking into account the best interests of the juvenile and the need for the protection of the community (*see* Family Ct Act § 352.2 [2] [a]; *see also Matter of Gomez*, 131 AD2d 399, 401 [1987]). Appellant had not previously been in trouble at home or in school, and the underlying incident did not involve any intentional or malicious conduct. Rather, it was an act of thoughtlessness committed by an adolescent fooling around with some friends after a party on a weekend night. Nor is there any indication that appellant's parents are unable to supervise him. His home is described as a stable one. Under the terms and conditions of an adjournment in contemplation of dismissal (ACD), the court could have required that the Probation Department monitor appellant's activities to assure that he attends school regularly and obeys a curfew (Family Ct Act § 315.3 [2]; Uniform Rules for Family Ct [22 NYCRR] § 205.24 [a] [14]; [b]), as suggested by counsel for the presentment agency in recommending probation, without having him branded as a juvenile delinquent. We believe this to be the appropriate disposition (*see Matter of Jasper I.*, 186 AD2d 134 [1992]).

Since an ACD may only be entered prior to the entry of a finding of juvenile delinquency and order of disposition (Family

Ct Act § 315.3 [1]), we vacate the same. Concur—Nardelli, J.P., Saxe, Sullivan, Marlow and Catterson, JJ.