■ In the Matter of LETISHA D., a Person Alleged to be a Juvenile Delinquent, Appellant. [788 NYS2d 374]—

Order of disposition, Family Court, New York County (Helen C. Sturm, J.), entered on or about March 12, 2004, which adjudicated appellant a juvenile delinquent upon her admission at a fact-finding hearing that she committed an act which, if committed by an adult, would constitute the crime of false personation (Penal Law § 190.23), and placed her on probation for 12 months, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the finding of juvenile

delinquency and order of conditional discharge vacated, and the matter remanded with the direction to order an adjournment in contemplation of dismissal pursuant to Family Court Act § 315.3 (1).

The deposition of Port Authority Police Officer Steve Bocian, submitted in support of the within petition, indicates that on December 5, 2003, he stopped the then-13-year-old appellant at approximately 2:15 P.M. in the Port Authority Bus Terminal. Officer Bocian testified that during the course of his subsequent conversation with appellant, he requested her name, address and telephone number. Officer Bocian called the telephone number provided by appellant, but there was no answer, which prompted the officer to warn appellant not to lie, as such conduct constituted the offense of false personation. Appellant subsequently supplied an incorrect work number for her mother and then the telephone number of an aunt who apparently does not exist. Appellant also informed Officer Bocian that her father was deceased, which proved to be inaccurate.

Appellant, at a fact-finding hearing held on January 14, 2004, admitted that she committed the delinquent act of false personation, a class B misdemeanor. Family Court accepted the admission, ordered the Probation Department to prepare an investigation and report (I&R) and, after a dispositional hearing held on March 12, 2004, Family Court adjudicated appellant a juvenile delinquent, placed her on probation for 12 months, and ordered the Probation Department to monitor her school performance and attendance, as well as her compliance with her family's rules and regulations. Appellant now challenges the dispositional order, asserting that such disposition is not "the least restrictive available alternative," as it fails to take into account the best interests of the juvenile and the need for the protection of the community (see Family Ct Act § 352.2 [2] [a]; see also Matter of Gomez, 131 AD2d 399, 401 [1987]). We agree and reverse.

The record herein indicates that: this was appellant's first arrest; she has no "person in need of supervision" history; she has expressed remorse for her conduct and insisted she learned her lesson; she has missed only two days of school since her arrest, both for court appearances; the I&R states appellant does not go outside after school hours, is under her mother's control, and is respectful and cooperative; her family life is stable and her family is supportive of her need to find tutoring; and her first offense was isolated, minor and victimless. Moreover, under the terms and conditions of an adjournment in contemplation of dismissal (ACD), Family Court could have directed the Probation Department to monitor appellant's activities to insure that

she attends school and obeys her curfew (Family Ct Act § 315.3 [2]), without being "branded" a juvenile delinquent (*see Matter of Justin Charles H.*, 9 AD3d 316 [2004]). Since an ACD may only be entered prior to the entry of a finding of juvenile delinquency and order of disposition (*see* Family Ct Act § 315.3 [1]), we vacate the same. Concur—Saxe, J.P., Sullivan, Ellerin, Nardelli and Sweeny, JJ.