■ In the Matter of JOEL J., a Person Alleged to be a Juvenile Delinquent, Appellant. [823 NYS2d 7]—

Order of disposition, Family Court, Bronx County (Alma Cordova, J.), entered February 23, 2006, which adjudicated appellant a juvenile delinquent after a fact-finding determination that he had committed an act which, if committed by an adult, would constitute the crime of criminal possession of marijuana in the fifth degree and placed him in the custody of the New York State Office of Children and Family Services (OCFS) for a period of 12 months, unanimously reversed, on the law and the

facts, without costs, the finding of delinquency vacated and the matter remanded to Family Court with direction to order adjournment in contemplation of dismissal (ACD).

Appellant, age 13, was charged in Family Court with an act which, if committed by an adult, would constitute the crime of criminal possession of marijuana in the fifth degree. As the supporting deposition indicated, a police officer observed appellant and an adult, who turned out to be his 16-year-old sister, in the possession of marijuana in a public place. The officer saw the adult "smoking a marijuana cigar and pass the same to" appellant. He then observed appellant "place the marijuana cigar to his mouth, appear to inhale and then exhale smoke." The officer arrested both appellant and his sister and recovered the burning marijuana cigar from appellant. Appellant's request that the matter be sent to probation for adjustment inasmuch as this was his first contact with law enforcement, and his motion for dismissal of the petition in the furtherance of justice, were both denied. He then withdrew his previously entered denial of the petition and made an admission to the charge. At the conclusion of the dispositional hearing, Family Court adjudicated appellant a juvenile delinquent and imposed a limited secure placement with OCFS for a period of 12 months. We disagree.

As is clear from this record, at the time of this incident, appellant was being raised in a chaotic home environment. What is equally clear is that this case presents an ideal situation for referral to the Department of Probation for adjustment, since this was appellant's first arrest. His involvement, although not to be condoned, was minor and nonviolent, and, in the circumstances, the crime was a victimless one. He certainly posed no threat to the safety of the community. As the record demonstrates, appellant made significant progress in the period of time between his arrest and the date of disposition. He was subjected to random drug testing on three separate occasions, with negative results. Appellant appeared at each court session and was responsive to the services provided by SCAN (Supportive Children's Advocacy Network).

As this Court has noted, Family Court Act § 352.2 (2) (a) "requires that in all cases where the protection of the community is not threatened, 'the court shall order the least restrictive available alternative . . . consistent with the needs and best interests of the respondent' " (*Matter of Gomez*, 131 AD2d 399, 401 [1987]). A child "should not be stigmatized as a juvenile delinquent because of any shortcomings" of his family (*Matter of Deborah C.*, 261 AD2d 138, 138-139 [1999]). It is fairly

obvious here that the court placed appellant with OCFS on the basis of his family history and living situation. The court's decision lacked any discussion of the crime. Given that this was appellant's first offense, and considering the nature of the crime, the significant progress appellant has made with the assistance of SCAN and his negative testing for drugs on three occasions, a 12-month placement was neither the least restrictive alternative nor the appropriate disposition. Accordingly, this matter should be remanded for an ACD pursuant to Family Court Act § 315.3 (1). Concur—Buckley, P.J., Mazzarelli, Marlow, Sullivan and Gonzalez, JJ.