■ In the Matter of MELISSA B., Appellant. [853 NYS2d 586]—

The Family Court has broad discretion as to the dispositional orders it enters. In this instance, the Family Court providently exercised its discretion in adjudicating the appellant a juvenile delinquent and then placing her on probation for 12 months. Such an adjudication was particularly appropriate in view of her relatively poor record of attendance at school and the recommendation made in the probation report that she is in need of supervision. Moreover, the appellant in this case committed a type of misconduct that warrants a determination, at the least, that she was a juvenile delinquent. That this was her first brush with the law does not entitle her to an adjudication of an adjournment in contemplation of dismissal (hereinafter an ACD) (*see Matter of Oneil D.,* 35 AD3d 602 [2006]; *Matter of Rosario S.,* 18 AD3d 563 [2005]; *Matter of Nikita P.,* 3 AD3d 499, 500-501 [2004]).

We further note that an ACD is limited to a maximum period of six months. Thus, once the Family Court determined that a period of supervision longer than six months was required, the entry of an ACD was no longer an option (*see* Family Ct Act § 315.3 [1]; *see Matter of Antonio C.,* 294 AD2d 123 [2002]; *Matter of Raymond A.,* 136 AD2d 700 [1988]).

The appellant's remaining contention is without merit. Ritter, J.P., Florio, Carni and Leventhal, JJ., concur.