■ In the Matter of Israel M., a Person Alleged to be a Juvenile Delinquent, Appellant. [871 NYS2d 2]—

At the fact-finding hearing, Eddie, the victim and appellant's

classmate, testified that, on March 12, 2007, he was on his way to a morning class when another classmate, Robert, caused him to trip and fall. While Robert and appellant prevented him from getting up by holding his arms, a third classmate, Christopher, came from behind and slashed Eddie in the right shoulder with a pocket knife.* Eddie sustained a one centimeter superficial laceration on his right upper chest, which he did not discover until he sat in class and saw blood. During the incident, however, Eddie did not fear his classmates, nor did he feel they wanted to hurt him. Instead, Eddie believed that they were "play fighting," as they all had done in the past, and that it was possible that he was accidentally struck by the knife while "play fighting." A week prior to the incident, Eddie had been present when Christopher bought the pocket knife, and they both had handled it on numerous occasions by opening a flashlight on its handle. Eddie never saw appellant handle the pocket knife, and there is no evidence that appellant was present when Christopher purchased the knife.

During his interview by the Department of Probation, appellant accepted responsibility for his actions. He explained that prior to the incident, Christopher had suggested "scaring" Eddie because that morning Eddie had prevented them from working during computer class. Appellant admitted tripping and holding Eddie while Christopher punched him, but he explained that they were just "playing around" and he did not know that Christopher had a knife. At the conclusion of the dispositional hearing, Family Court adjudicated appellant a juvenile delinquent and placed him on probation for 12 months. Appellant now challenges the dispositional order, asserting that such disposition is not "the least restrictive available alternative," as it fails to take into account the best interests of the juvenile and the need for protection of the community (see Family Ct Act § 352.2 [2] [a]). We agree.

The record indicates that appellant had not previously been in trouble in school or home. The incident was his first contact with the juvenile system and an apparent aberration in behavior. Indeed, appellant comes from a stable home environment. His school record indicates excellent attendance and good grades, and he indicated an intent to attend college. Moreover, appellant has expressed remorse for his conduct and insisted that he has learned a good lesson from the incident. Since the incident, appellant has been participating in the Police Athletic League Youth Program, where he has received weekly individual and

---

* After a fact-finding hearing, Robert was acquitted of all charges, while Christopher was found guilty of the charges enumerated above.

group counseling. His counselor described him as one of his best youths.

As this Court has noted, Family Court Act § 352.2 (2) (a) "requires that in all cases where the protection of the community is not threatened, 'the court shall order the least restrictive available alternative . . . consistent with the needs and best interests of the respondent' " (*Matter of Gomez*, 131 AD2d 399, 401 [1987]; *see also Matter of Deborah C.*, 261 AD2d 138 [1999]). While recognizing appellant's otherwise unblemished record, Family Court adjudicated him a juvenile offender and ordered probation based solely on the seriousness of the crime, i.e., that had it been committed by an adult it would be considered a felony. However, although not to be condoned, appellant's involvement was minor. Indeed, appellant had no knowledge that his classmate intended to use a pocket knife during their concerted efforts to "scare" the victim for preventing them from working during their computer class. In fact, both the victim and appellant believed that the incident was in the nature of "play fighting." Under the circumstances, appellant's involvement can be fairly characterized as "an act of thoughtlessness committed by an adolescent fooling around with some friends" (*Matter of Justin Charles H.*, 9 AD3d 316, 317 [2004]).

Given appellant's relatively minor involvement in the victim's injuries, and considering that this was his first offense on an otherwise unblemished record, that he comes from a stable home and school environment, and that his post-incident conduct has been exemplary, a finding of juvenile delinquency with a 12-month placement on probation was neither the least restrictive alternative nor the appropriate disposition (*see Matter of Anthony M.*, 47 AD3d 434 [2008]; *Matter of Joel J.*, 33 AD3d 344 [2006]; *Matter of Letisha D.*, 14 AD3d 455 [2005]). Since an ACD may only be entered prior to the entry of a finding of juvenile delinquency (Family Ct Act § 315.3 [1]), we vacate that finding. Concur—Saxe, J.P., Nardelli, Moskowitz, Renwick and Freedman, JJ.