██ In the Matter of URIAH D., a Person Alleged to be a Juvenile Delinquent, Appellant. [904 NYS2d 164]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Turbow, J.), dated October 20, 2009, which, upon a fact-finding order of the same court dated September 3, 2009, made after a hearing, finding that the ap-

pellant committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged him to be a juvenile delinquent, placed him on probation for a period of 12 months, and directed that he complete 25 hours of community service. The appeal from the order of disposition brings up for review the fact-finding order dated September 3, 2009.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Daniel R.*, 51 AD3d 933 [2008]; *Matter of Shariff A.*, 28 AD3d 546, 547 [2006]; *Matter of Frank C.*, 283 AD2d 643 [2001]), we find that it was legally sufficient to support the determination made in the fact-finding order. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses. Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Briona T.G.*, 47 AD3d 811 [2008]; *Matter of Steven L.*, 21 AD3d 962 [2005]; *Matter of James B.*, 262 AD2d 480 [1999]). "[A] complainant's mental illness does not per se render that person's testimony incompetent or incredible" (*People v Blair*, 32 AD3d 613, 614 [2006]; *see also People v Rensing*, 14 NY2d 210 [1964]; *People v Reed*, 247 AD2d 900 [1998]). The complainant testified consistently and coherently with regard to the facts of the underlying assault and the record fails to establish that he lacked sufficient intelligence or capacity to perceive and recollect the incident about which he testified. Upon the exercise of our factual review power, we are satisfied that the determination was not against the weight of the evidence.

Contrary to the appellant's contention, the Family Court properly declined to order an adjournment in contemplation of dismissal (*see* Family Ct Act § 315.3) but, rather, to adjudge the appellant to be a juvenile delinquent (*see* Family Ct Act § 352.1) and, inter alia, place him on probation for a period of 12 months (*see* Family Ct Act § 352.2 [1] [b]). The appellant was not entitled to an adjournment in contemplation of dismissal merely because this was his first encounter with the law (*see Matter of Nikita P.*, 3 AD3d 499, 501 [2004]; *Matter of Steven R.*, 230 AD2d 745 [1996]). The disposition was appropriate in light of, among other things, the nature of the incident, the appellant's poor academic record, and his failure to take responsibility for his actions (*see Matter of Erika R.*, 55 AD3d 740 [2008]; *Matter*

*of Rosario S.*, 18 AD3d 563, 564 [2005]). Mastro, J.P., Florio, Belen and Roman, JJ., concur.