■ In the Matter of DERRICK H., a Person Alleged to be Juvenile Delinquent, Appellant. [914 NYS2d 157]—

Order of disposition, Family Court, Bronx County (Robert R. Reed, J.), entered on or about October 30, 2009, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts, which, if committed by an adult, would constitute the crimes of attempted robbery in the second and third degrees, attempted grand larceny in the fourth degree and jostling, and imposed a conditional discharge for a period of up to 12 months, affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (see *People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determinations concerning identification and credibility. The victim's observations of appellant during the incident, as well as on other occasions, were sufficient to support the conclusion that the victim was able to make a reliable identification of appellant as the person who attempted to take his cell phone.

The evidence on which the finding is based shows that, on the day of the incident, the victim saw appellant staring at him as

the victim took his cell phone out of his pocket in the school lunchroom. The victim then left the school. When he was about a block away from the school, appellant and two other young men approached him from behind and pushed him to the ground. Appellant began searching the victim's pockets, demanding to know where the cell phone was. Appellant and his companions ran off when friends of the victim approached.

Contrary to the dissent, we do not believe that the offense appellant was found to have committed—an act for which he has expressed no remorse—was "the sort of minor first offense" for which an adjournment in contemplation of dismissal (ACD) would be appropriate. The inference from the record is inescapable that appellant's act involved premeditation, planning and concerted action with confederates. In any event, as the dissent acknowledges, the propriety of an ACD is a point appellant failed to preserve, as no request for such disposition was made before the finding of delinquency. We note that the dissent's quotation of the trial judge's reasoning for rejecting the presentment agency's request for 18 months' probation does not demonstrate that an ACD was warranted here.

Appellant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Concur—Saxe, J.P., Friedman and Román, JJ.

Moskowitz and Freedman, JJ., dissent in part in a memorandum by Moskowitz, J., as follows: While I am not disputing the court's findings concerning credibility, I would reverse and vacate the adjudication of juvenile delinquency and the conditional discharge because the court should have granted an adjournment in contemplation of dismissal (ACD). To the extent defense counsel failed to preserve this issue, I would review it in the interest of justice.

A juvenile delinquency adjudication requires: (1) a determination that the juvenile committed an act, that, if committed by an adult, would constitute a crime and (2) a showing by a preponderance of the evidence that the juvenile needs supervision, treatment or confinement (Family Ct Act §§ 345.1, 350.3 [2]; § 352.1). If the court determines that there is no need for supervision, treatment or confinement, it must dismiss the petition (Family Ct Act § 352.1 [2]). In addition, section 352.2 (2) (a) of the Family Court Act states that "the court shall order the least restrictive available alternative enumerated in subdivision one which is consistent with the needs and best interests of the respondent and the need for protection of the community." A juvenile delinquency determination requires more than a delinquent act to avoid branding the child a juvenile delinquent

unnecessarily (*see Matter of Justin Charles H.*, 9 AD3d 316 [2004]).

Here, the juvenile delinquency adjudication and concomitant conditional discharge were an improvident exercise of discretion. First, there was no evidence that appellant was in need of "supervision, treatment or confinement." The court adjudicated appellant a juvenile delinquent and a "person in need of supervision" and conditionally discharged him for a 12-month period. However, in an apparent contradiction, the court then merely ordered appellant to "stay out of trouble for the next 12 months" and did not order any sort of supervision, treatment or confinement. Instead, the court left it up to appellant's school to address any issues he might have. In deciding not to require supervision, the court stated that "there is not any significant or negative information that relates to anything that would be delinquency." Accordingly, because the evidence did not support the finding that appellant was a person in need of supervision, treatment or confinement, the court should not have determined that he was a juvenile delinquent.

Because it was improper to adjudicate appellant a juvenile delinquent, the sentence the court imposed was improper because it was not "the least restrictive available alternative" (*see Matter of Juli P.*, 62 AD3d 588, 589 [2009] [where incident was isolated outburst, "an ACD, with such counseling as Family Court deems appropriate, would adequately serve the needs of appellant and society in this case"]). Appellant had no prior arrest record. He comes from a stable home. He is not a disciplinary problem at home or at school. The complainant was not hurt and no property was taken from him. The court itself noted the lack of negative information. This is the sort of minor first offense that should result in an ACD, a dispositional alternative that would not stigmatize defendant as a juvenile delinquent (*see Matter of Anthony M.*, 47 AD3d 434, 435 [2008] [where defendant had "no record of getting into trouble at home, at school, or in the community," an "ACD would have avoided the stigma of a juvenile delinquency adjudication"]).

The majority's characterization of the severity of appellant's offense, namely that it was an act that involved premeditation and planning, has no support in the record.