■ In the Matter of Tyvan B., a Person Alleged to be a Juvenile Delinquent, Appellant. [923 NYS2d 60]—

Orders of disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about May 20, 2010, which adjudicated appellant a juvenile delinquent upon his admission that he had committed acts that, if committed by an adult, would constitute the crimes of possession of graffiti instruments and criminal possession of marihuana in the fifth degree, and imposed a conditional discharge for a period of 12 months, unanimously reversed, as an exercise of discretion in the interest of justice, without costs, the delinquency finding and conditional discharge vacated, and the matter remanded to Family Court with the direction to order a supervised adjournment in contemplation of dismissal pursuant to Family Court Act § 315.3 (1).

The court improvidently exercised its discretion when it imposed a juvenile delinquency adjudication with a conditional discharge. This was not "the least restrictive available alternative" (Family Ct Act § 352.2 [2] [a]). Instead, a supervised adjournment in contemplation of dismissal (ACD) would adequately serve the needs of appellant and society (*see e.g. Matter of Joel J.*, 33 AD3d 344 [2006]).

Appellant was 13 years old at the time of the adjudication. The underlying offenses were minor and were appellant's first offenses. They occurred over a short period of time when,

through no fault of his own, appellant was not receiving his psychiatric medication. Appellant's mother was actively involved in his home and school life, and she recognized and addressed her son's need for psychiatric treatment prior to any intervention from the court. At the time of the dispositional hearing appellant was receiving appropriate medication and therapy. There is no reason to believe appellant needs any court-imposed supervision beyond the supervision that can be provided under an ACD. Concur—Andrias, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.