■ In the Matter of Lameka P., a Person Alleged to be a Juvenile Delinquent, Appellant. [926 NYS2d 91]—

Order of disposition, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about August 8, 2010, which adjudicated appellant a juvenile delinquent, upon her admission that she committed an act that, if committed by an adult, would constitute the crime of assault in the third degree, and placed her on probation for a period of 12 months, affirmed, without costs.

The petition alleged that appellant committed acts that if committed by an adult, would constitute the crimes of attempted robbery in the second and third degrees, attempted grand larceny in the fourth degree, menacing in the third degree, and assault in the third degree. The victim's supporting affidavit alleged that after exiting a bus, appellant and one Cartese B. followed her and a friend and said "they were going to jump us to get my iTouch and cell phone." Appellant grabbed the victim's friend's hair and Cartese punched her face. Appellant then

started to pull the victim's hair and punch her in the face and back with a closed fist. While appellant was doing this, Cartese tried to pull off her backpack and unzip it. Appellant also tried to pull off the victim's backpack. Appellant and Cartese ran away when a police car approached.

On April 23, 2010, appellant admitted to assault in the third degree, in full satisfaction of the petition, stating that, with the intent to cause physical injury to another person, she caused such injury to that person, in that she "hit [the person] in her face with my fist." The other charges were dismissed.

The Family Court providently exercised its discretion in denying appellant's request for a conditional discharge, adjudicating her a juvenile delinquent and imposing a term of 12 months' probation as the least restrictive alternative consistent with appellant's needs and best interests and the need to protect the community (*see Matter of Akeem B.*, 81 AD3d 512 [2011]; *Matter of Florin R.*, 73 AD3d 533 [2010]; *Matter of Ashley P.*, 74 AD3d 1075 [2010]).

The charges stem from an attempted robbery. Appellant admitted punching the victim in the face and the probation officer's investigation and report concluded that she could benefit from supervision services with the Department of Probation, including "anger management counseling/family and close school monitoring," which may "help to deter further criminal behavior." This disposition is fully supported by the record which, as argued by the presentment agency at the dispositional hearing, shows that appellant: (1) "admitted to associating with negative peers"; (2) missed 34 days of school and was late 74 times; (3) was "not involved in any outside activities"; (4) admitted, as did her mother, that their relationship was "somewhat strained, based on [appellant's] poor attitude"; (5) did not express remorse and claimed it was a simple fight; and (6) admitted to cutting herself several years ago because "she felt alone and sad" (*see Matter of Monique R.*, 61 AD3d 412 [2009]).

Further, appellant's mother has a conviction for driving while intoxicated and a robbery arrest, as well as an arrest for fighting with her sister. Appellant's father has been incarcerated on a charge of attempted murder since appellant was born. Thus, appellant is unlikely to be properly supervised at home (*see Matter of Shaundale W.*, 82 AD3d 1254 [2011]). Nor was the court required to grant her request for a conditional discharge merely because this may have been her first arrest (*see Matter of Nikita P.*, 3 AD3d 499, 501 [2004]).

Appellant's claim that the disposition must be vacated because the court mistakenly relied on its belief that appellant drank

socially is not preserved, and we decline to consider it in the interests of justice (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). Although the record demonstrates that it was appellant's mother who admitted to the drinking, in rendering its disposition the court expressly stated that *"[f]or the reasons indicated by [the presentment agency]*, I do not believe that a conditional discharge is appropriate. I do adjudicate the respondent to be a juvenile delinquent. I do believe she's in need of the supportive services provided by Probation. The disposition of the Court is probation for 12 months, with anger management and counseling" (emphasis added). The reasons cited by the presentment agency did not include an allegation that appellant drank and, in and of themselves, more than amply establish that the disposition appellant received was the least restrictive alternative consistent with her needs and best interests and the need to protect the community. Concur—Gonzalez, P.J., Tom and Andrias, JJ.

Moskowitz and Freedman, JJ., dissent in a memorandum by Freedman, J. as follows: I dissent from the order of disposition adjudicating appellant a juvenile delinquent and placing her on probation for a period of 12 months, and, in the exercise of discretion in the interest of justice, would remand the matter to Family Court with the direction to order a supervised adjournment in contemplation of dismissal (ACD) pursuant to Family Court Act § 315.3.

Although the presentment agency did not allege that appellant drank alcohol, the record shows that the court gave considerable weight to its mistaken belief that the 15-year-old appellant was a habitual drinker. The Court specifically stated that "the I&R [Probation Department investigation and report] points out that respondent does use alcohol. She said she drinks socially. Nevertheless, she's 15 years old and she's consuming alcohol, at least on a social basis, if she's to be believed." In fact, it was appellant's mother, not appellant, who reported alcohol use on a social basis. There was absolutely no evidence that appellant used alcohol or drugs of any kind.

The majority emphasizes the negative findings concerning appellant in the I&R. However, the I&R also indicated that appellant obeys her mother and her curfews, gets along well with her siblings, is well liked by her teachers, has had no prior involvement with the law, and has maintained grade averages in the mid-70s despite school absences. Some of the absences were also attributable to the time involved in the administrative hearing resulting from the incident at issue. The "somewhat strained" relations between mother and daughter, cited by the majority,

are, if anything, typical of relations between 14- or 15-year-old girls and their mothers.

While the majority avers that the I&R indicated that appellant showed a lack of remorse, I disagree with that assessment. Appellant fully admitted to committing the act with which she was charged, and acknowledged her need to control her anger (*see Matter of Israel M.*, 57 AD3d 274 [2008]). Notably, her more culpable companion received a conditional discharge. I also believe that appellant's cutting herself several years earlier during a period of sadness should not be considered as a dispositional factor.

Although appellant is not blessed with parents who are able to provide optimal supervision, she is obedient and has no history of behavioral problems. A supervised ACD would serve the purpose of making sure that she attends school regularly and does not become involved in uncontrolled altercations without imposing the stigma of a juvenile delinquency adjudication (*see e.g. Matter of Julian O.*, 80 AD3d 525 [2011]; *Matter of Jeffrey C.*, 47 AD3d 433 [2008], *lv denied* 10 NY3d 707 [2008]).