■ In the Matter of JONNEVIN B., a Person Alleged to be a Juvenile Delinquent, Appellant. [931 NYS2d 622]—

The court improvidently exercised its discretion when it imposed a juvenile delinquency adjudication with probation. This was not "the least restrictive available alternative" (Family Ct Act § 352.2 [2] [a]). Instead, a supervised adjournment in contemplation of dismissal (ACD) would adequately serve the needs of appellant and society (see e.g. Matter of Tyvan B., 84 AD3d 462 [2011]).

The underlying offense was simple possession of a toy or imitation revolver. There is no evidence of unlawful use or threatened use. Appellant was 14 years old at the time of the adjudication, and this was his first offense.

The court promised appellant at the time of his admission that if he did not commit any further offenses and the probation report did not reveal any negative history not previously disclosed, it would grant an ACD. The report did not disclose any significant negative history. On the contrary, it appeared that appellant was living in an unstable home at the time of the offense and had subsequently been placed in a stable foster home, where he posed no behavioral problems and had been attending school without any absences or further disciplinary issues. In light of the progress made and absence of aggravating factors, an ACD should have been granted. There is no reason to believe appellant needs any court-imposed supervision beyond the supervision that can be provided under an ACD. Concur—Mazzarelli, J.P., Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ.