■ In the Matter of GABRIEL C., a Person Alleged to be a Juvenile Delinquent, Appellant. [934 NYS2d 329]—

The appellant challenges the Family Court's finding that she committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree. Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree (*see* Penal Law §§ 110.00, 120.00). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Steven L.*, 86 AD3d 613, 614 [2011], *lv denied* 17 NY3d 714 [2011]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.*, 51 AD3d 933, 934 [2008]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination as to that charge was not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633 [2006]).

"The Family Court has broad discretion in fashioning orders of disposition" (*Matter of Ashanti B.*, 62 AD3d 790, 791 [2009]; *see Matter of Karen M.*, 58 AD3d 734, 735 [2009]; *Matter of*

*Ashley H.*, 53 AD3d 578 [2008]). Here, the Family Court providently exercised its discretion in adjudicating the appellant a juvenile delinquent and placing her on probation (*see* Family Ct Act § 352.2), rather than directing an adjournment in contemplation of dismissal (*see* Family Ct Act § 315.3). The disposition was appropriate in light of, inter alia, the appellant's poor school attendance, her persistent disciplinary problems, and the recommendation made in the probation report (*see Matter of Leonard J.*, 67 AD3d 911, 912 [2009]; *Matter of Ashanti B.*, 62 AD3d at 791; *Matter of Ashley H.*, 53 AD3d at 578; *Matter of Gerald W.*, 12 AD3d 522, 523 [2004]). Contrary to the appellant's contention, she was not entitled to an adjournment in contemplation of dismissal "merely because this was her first contact with the court system" (*Matter of Ashley H.*, 53 AD3d at 578; *see Matter of Gerald W.*, 12 AD3d at 523).

The appellant's remaining contention is without merit. Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur.