■ In the Matter of JONNEVIN B., a Person Alleged to be a Juvenile Delinquent, Appellant. [942 NYS2d 43]—

Order of disposition, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about December 14, 2010, which adjudicated appellant a juvenile delinquent upon his admission that he committed an act that, if committed by an adult, would constitute the crime of possession of an imitation firearm, and placed him on probation for a period of 12 months, unanimously reversed, as an exercise of discretion in the interest of justice, without costs, the delinquency finding and dispositional order vacated, and the matter remanded to Family Court with the direction to order a supervised adjournment in contemplation of dismissal pursuant to Family Court Act § 315.3 (1) nunc pro tunc to December 14, 2010.

The court improvidently exercised its discretion when it imposed a juvenile delinquency adjudication with probation. This was not "the least restrictive available alternative" (Family Ct Act § 352.2 [2] [a]). Instead, a supervised adjournment in contemplation of dismissal would adequately serve the needs of appellant and society (see e.g. Matter of Tyvan B., 84 AD3d 462 [2011]).

The underlying offense was simple possession of a toy or imitation revolver. There is no evidence of unlawful use or threatened use. Appellant was 14 years old at the time of the adjudication, and this was his first offense.

The court promised appellant at the time of his admission that if he did not commit any further offenses and the probation report did not reveal any negative history not previously disclosed, it would grant an adjournment in contemplation of dismissal (ACD). The report did not disclose any significant negative history. On the contrary, it appeared that appellant was living in an unstable home at the time of the offense and had subsequently been placed in a stable foster home, where he posed no behavioral problems and had been attending school without any absences or further disciplinary issues. In light of the progress made and absence of aggravating factors, an ACD should have been granted. There is no reason to believe appellant needs any court-imposed supervision beyond the supervision that can be provided under an ACD, which is limited to a maximum period of six months with a view to ultimate dismissal of the petition in furtherance of justice (see Family Ct Act § 315.3 [1]).

The decision and order of this Court entered herein on

November 3, 2011 is hereby recalled and vacated (89 AD3d 464 [2011]; *see* 2012 NY Slip Op 68348[U] [decided simultaneously herewith]). Concur—Mazzarelli, J.P., Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ.