■ In the Matter of TERIYANA A. MC., Appellant. [955 NYS2d 120]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Teriyana A. Mc. appeals from an order of disposition of the Family Court, Queens County (Lubow, J.), dated January 17, 2012, which, upon a fact-finding order of the same court dated December 6, 2011, made after a hearing, finding that she committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, adjudged her to be a juvenile delinquent and placed her on probation for a period of 12 months.

Ordered that the order of disposition is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for an adjournment of the proceeding in contemplation of dismissal, on the condition that the probation department monitor the appellant's school attendance during the period of the adjournment.

Under the circumstances of this case, the Family Court improvidently exercised its discretion in adjudicating the appellant a juvenile delinquent and placing her on probation for a period of 12 months. An adjournment in contemplation of dismissal was the "least restrictive available alternative" (Family Ct Act § 352.2 [2] [a]), and would have adequately served the needs of the appellant and society (*see Matter of Tyvan B.*, 84 AD3d 462, 462 [2011]).

The appellant, who was 15 years old at the time of the underlying offense, had no record of ever having previously committed an act which, if committed by an adult, would constitute a criminal offense. There is no indication that the appellant ever used drugs or alcohol, or that she was affiliated with a gang. Moreover, under the terms of an adjournment in contemplation of dismissal, the Family Court could have required the probation department to monitor the appellant's school attendance (*see Matter of Osriel L.*, 94 AD3d 523 [2012]; *Matter of Justin Charles H.*, 9 AD3d 316, 317 [2004]).

Accordingly, we reverse the order of disposition and remit the matter to the Family Court, Queens County, for an adjournment of the proceeding in contemplation of dismissal, on the condition that the probation department monitor the appellant's school attendance during the period of the adjournment. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.