In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Jonathan M. appeals from an order of disposition of the Family Court, Kings County (McElrath, J.), dated August 23, 2012, made upon his admission, finding that he had committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged him to be a juvenile delinquent, and imposed a conditional discharge for a period of 12 months.
Ordered that the order of disposition is reversed, on the facts and in the exercise of discretion, and the matter is remitted to the Family Court, Kings County, for an adjournment of the proceeding in contemplation of dismissal.
The appellant admitted to committing acts which, if committed by an adult, would have constituted the crime of assault in the third degree, in connection with an incident where he struck a classmate in the eye. At the dispositional hearing, the appellant requested an adjournment of the proceeding in contemplation of dismissal pursuant to Family Court Act § 315.3 (1). The Family Court denied the appellant’s request, adjudged him to be a juvenile delinquent, and imposed a conditional discharge for a period of 12 months.
“If, upon the conclusion of the dispositional hearing, the court determines that the respondent requires supervision, treatment or confinement, the court shall enter a finding that such respondent is a juvenile delinquent and order an appropriate dis *806 position pursuant to [Family Court Act] section 352.2” (Family Ct Act § 352.1 [1]). However, “[i]f, upon the conclusion of the dispositional hearing, the court determines that the respondent does not require supervision, treatment or confinement, the petition shall be dismissed” (Family Ct Act § 352.1 [2]).
Once it has entered a finding that the respondent is a juvenile delinquent, a court must enter an order of disposition either conditionally discharging the respondent (see Family Ct Act § 353.1), putting the respondent on probation (see Family Ct Act § 353.2), placing the respondent with the division of youth or commissioner of social services (see Family Ct Act § 353.4), or directing one of the other outcomes specified in Family Court Act § 352.2 (1). “In determining an appropriate order the court shall consider the needs and best interests of the respondent as well as the need for protection of the community” (Family Ct Act § 352.2 [2] [a]).
However, except in limited circumstances not applicable here, “the court may at any time prior to the entering of a finding [that the respondent is a juvenile delinquent] . . . order that the proceeding be ‘adjourned in contemplation of dismissal’ ” (Family Ct Act § 315.3 [1]). “An adjournment in contemplation of dismissal is an adjournment of the proceeding, for a period not to exceed six months, with a view to ultimate dismissal of the petition in furtherance of justice” (id.). “Upon issuing such an order, providing such terms and conditions as the court deems appropriate, the court must release the respondent” (id.).
“Rules of court shall define the permissible terms and conditions which may be included in an order that the proceeding be adjourned in contemplation of dismissal; such permissible terms and conditions may include supervision by the probation service” (Family Ct Act § 315.3 [2]; see 22 NYCRR 205.24 [a] [setting forth terms and conditions applicable to an order adjourning a proceeding in contemplation of dismissal]).
When a proceeding has been adjourned in contemplation of dismissal, “upon ex parte motion by the presentment agency, or upon the court’s own motion, made at the time the order is issued or at any time during its duration, the court may restore the matter to the calendar” (Family Ct Act § 315.3 [1]). “If the proceeding is not restored, the petition is, at the expiration of the order, deemed to have been dismissed by the court in furtherance of justice” (Family Ct Act § 315.3 [1]; see Matter of Cleveland R., 14 AD3d 568, 569 [2005]).
The Family Court has broad discretion in determining whether to adjourn a proceeding in contemplation of dismissal (see Matter of Gabriel C, 90 AD3d 752, 752-753 [2011]). Al *807 though, as it is often stated, a respondent is not entitled to an adjournment in contemplation of dismissal merely because this was his or her “first brush with the law” (Matter of Melissa B., 49 AD3d 536, 537 [2008]; see Matter of Jesus S., 104 AD3d 694 [2013]), a respondent’s criminal and disciplinary history is nevertheless relevant to a court’s discretionary determination of whether to adjourn a proceeding in contemplation of dismissal (see e.g. Matter of Teriyana A. Mc., 100 AD3d 902, 902 [2012]; Matter of Gabriel C., 90 AD3d at 752-753; Matter of Tyvan B., 84 AD3d 462, 462 [2011]). Other relevant factors include, but are not necessarily limited to, a respondent’s history of drug or alcohol use (see Matter of Teriyana A. Mc., 100 AD3d at 902), a respondent’s association with gang activity (see id.), a respondent’s academic and school attendance record (see Matter of Liston J., 81 AD3d 648, 649 [2011]), the nature of the underlying incident (see Matter of Uriah D., 74 AD3d 1194, 1195 [2010]), a respondent’s decision to accept responsibility for his or her actions (see Matter of Liston J., 81 AD3d at 649), any recommendations made in a probation or mental health report (see Matter of Julissa R., 30 AD3d 526, 527 [2006]), the degree to which the respondent’s parent or guardian is involved in the respondent’s home and academic life (see Matter of Tyvan B., 84 AD3d at 462), and the ability of the respondent’s parent or guardian to provide adequate supervision (see Matter of Justin Charles H., 9 AD3d 316, 317 [2004]).
Here, the Family Court improvidently exercised its discretion when it denied the appellant’s request for an order adjourning the proceeding in contemplation of dismissal pursuant to Family Court Act § 315.3 (1). This proceeding constituted the appellant’s first contact with the court system, he took responsibility for his actions, and the record demonstrates that he had learned from his mistakes. There is no indication that the appellant’s father failed to provide adequate supervision and, in fact, the record demonstrates his active and positive role in the appellant’s home and school life. Under the circumstances, including the appellant’s commendable academic and school attendance record, his association with a positive peer group, and the minimal risk that he poses to the community, an adjournment in contemplation of dismissal was warranted (see Family Ct Act § 315.3 [1]; Matter of Teriyana A. Mc., 100 AD3d at 902; Matter of Tyvan B., 84 AD3d at 462; Matter of Justin Charles H., 9 AD3d at 317). Accordingly, we remit the matter to the Family Court, Kings County, for an adjournment of the proceeding in contemplation of dismissal. Balkin, J.P., Hall, Lott and Miller, JJ., concur.