■ In the Matter of CLARISSA V., a Person Alleged to be a Juvenile Delinquent, Appellant. [986 NYS2d 59]—

Order of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about July 10, 2012, which adjudicated appellant a juvenile delinquent upon her admission that she committed an act that, if committed by an adult, would constitute the crime of menacing in the third degree, and placed her on probation for a period of 12 months, reversed, as an exercise of discretion in the interest of justice, without costs, and the petition dismissed.

An adjournment in contemplation of dismissal (ACD) would have been the least restrictive dispositional alternative consistent with appellant's needs and the community's need for protection (*see e.g. Matter of Tyvan B.*, 84 AD3d 462 [1st Dept 2011]). This was appellant's first offense. She admitted the allegations of the petition but asserted, as did her mother, that the incident resulted from her having been bullied by the complainant with no corrective action taken by appellant's school. While appellant had truancy issues at school, at the time of the disposition she was employed, was being treated for depression, and was generally making progress. Based on all these factors, there is no reason to believe that appellant needed any supervision beyond that which could have been provided under an ACD. It should also be noted that under the terms of an ACD, the court could have required the Probation Department to monitor appellant, and her observance of a curfew and other requirements.

Since the period of probation has expired, we dismiss the petition.

The dispositional order should be affirmed. Concur—Acosta, Manzanet-Daniels and Gische, JJ.

Friedman, J.P., and Sweeny, J., dissent in a memorandum by Sweeny, J., as follows: I dissent.

As the facts that formed the basis for a finding of menacing in the third degree are conceded, the only issue is the appropriate disposition.

Appellant admitted that she had repeatedly punched, kicked and pulled the hair of the victim "to put her I [sic] fear." She

never asserted self-defense or justification for these violent acts.* In adjudicating her a juvenile delinquent, the court, as it had every right to do, looked at the violent nature of the act and appellant's total lack of remorse. The court also had before it school records showing appellant's abysmal attendance and GPA as well as her mental health records. The probation report determined appellant had a potential for reoffending and recommended a juvenile delinquency adjudication (*cf. Matter of Juan P.*, 114 AD3d 460 [1st Dept 2014]). Even appellant's mother asked the court for its help in supervising her daughter because of her inability to do so alone.

Case law need not be cited for the well established proposition that a family court has wide discretion in matters such as these and its determinations are to be accorded great deference. Clearly, the Family Court Judge was in the best position to appreciate the circumstances of this case and to fashion a remedy that was in the best interest of the appellant and the community. It cannot be said, from all the above, that the adjudication and order of probation was not established by a preponderance of the evidence.

---

* The majority makes reference to the fact that, notwithstanding the violent acts to which appellant pleaded, she seeks to minimize this by claiming she had been bullied by this victim in the past. Yet this was considered by the Family Court Judge and given such weight as the judge deemed appropriate.