Matter of Nijuel J. (2019 NY Slip Op 00876)





Matter of Nijuel J.


2019 NY Slip Op 00876


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-02984
 (Docket No. D-20605-17)

[*1]In the Matter of Nijuel J. (Anonymous), appellant.


Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing and Jessica Miller of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Nijuel J. appeals from an order of disposition of the Family Court, Kings County (Alan Beckoff, J.), dated March 7, 2018. The order of disposition, upon an order of fact-finding of the same court dated November 29, 2017, made upon his admission, finding that he committed acts which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree, and upon, in effect, the denial of his application pursuant to Family Court Act § 315.3 for an adjournment in contemplation of dismissal, adjudicated him a juvenile delinquent and placed him on probation for a period of nine months.
ORDERED that the order is disposition is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the application pursuant to Family Court Act § 315.3 for an adjournment in contemplation of dismissal is granted, and the matter is remitted to the Family Court, Kings County, for the entry of an order granting an adjournment in contemplation of dismissal nunc pro tunc to March 7, 2018.
The appellant admitted to committing acts, which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree, in connection with an incident in which he brought a firearm to school. At the dispositional hearing, the appellant made an application pursuant to Family Court Act § 315.3 for an adjournment in contemplation of dismissal. The Family Court denied the application, adjudicated the appellant a juvenile delinquent, and placed him on probation for a period of nine months.
Despite the fact that the term of the probation has already expired, there may be collateral consequences resulting from the adjudication of delinquency and, therefore, the appeal has not been rendered academic (see Matter of Nigel H., 136 AD3d 1033, 1034; Matter of Natasha G., 91 AD3d 948, 949; Matter of Tafari M., 90 AD3d 1052, 1052; see also Family Ct Act § 381.2[2]).
If, upon the conclusion of a dispositional hearing, the Family Court determines that the respondent in a juvenile delinquency proceeding pursuant to Family Court Act article 3 requires supervision, treatment, or confinement, "the court shall enter a finding that such respondent is a juvenile delinquent and order an appropriate disposition pursuant to [Family Court Act] section [*2]352.2" (Family Ct Act § 352.1[1]). However, except in limited circumstances not applicable here, the court may, at any time prior to the entering of a finding that the respondent is a juvenile delinquent, "order that the proceeding be adjourned in contemplation of dismissal.' An adjournment in contemplation of dismissal is an adjournment of the proceeding, for a period not to exceed six months, with a view to ultimate dismissal of the petition in furtherance of justice" (Family Ct Act § 315.3[1]).
The Family Court has broad discretion in determining whether to adjourn a proceeding in contemplation of dismissal (see Matter of Gabriel C., 90 AD3d 752, 752-753). Although, as it is often stated, a respondent in a juvenile delinquency proceeding is not entitled to an adjournment in contemplation of dismissal merely because the underlying incident was his or her "first brush with the law" (Matter of Melissa B., 49 AD3d 536, 537; see Matter of Jesus S., 104 AD3d 694), a respondent's criminal and disciplinary history is nevertheless relevant to a court's discretionary determination of whether to adjourn a proceeding in contemplation of dismissal (see e.g. Matter of Teriyana A. Mc., 100 AD3d 902, 902; Matter of Gabriel C., 90 AD3d at 752-753; Matter of Tyvan B., 84 AD3d 462, 462). Other relevant factors include, but are not necessarily limited to, a respondent's history of drug or alcohol use (see Matter of Teriyana A. Mc., 100 AD3d at 902), association with gang activity (see id.), academic and school attendance record (see Matter of Liston J., 81 AD3d 648, 649), the nature of the underlying incident (see Matter of Uriah D., 74 AD3d 1194, 1195), a respondent's decision to accept responsibility for his or her actions (see Matter of Liston J., 81 AD3d at 649), any recommendations made in a probation or mental health report (see Matter of Julissa R., 30 AD3d 526, 527), the degree to which the respondent's parent or guardian is involved in the respondent's home and academic life (see Matter of Tyvan B., 84 AD3d at 462), and the ability of the respondent's parent or guardian to provide adequate supervision (see Matter of Justin Charles H., 9 AD3d 316, 317).
Here, the Family Court improvidently exercised its discretion in denying the appellant's application pursuant to Family Court Act § 315.3 for an adjournment in contemplation of dismissal. This proceeding constituted the appellant's first contact with the court system, he took responsibility for his actions, and the record demonstrates that he learned from his mistakes. During the pendency of the proceeding, the appellant readily complied with the supervision imposed by the court and his father's supervision in the home, and he garnered praise from the Probation Department and school officials. Under the circumstances, including the appellant's commendable academic and school attendance record, his mentoring of fellow students at his school, and the minimal risk that he poses to the community, an adjournment in contemplation of dismissal was warranted (see Family Ct Act § 315.3; Matter of Eric M., 114 AD3d 489; see also Matter of Narvanda S., 109 AD3d 710; Matter of Jonathan M., 107 AD3d 805).
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court