Matter of Brian M. (2020 NY Slip Op 03785)





Matter of Brian M.


2020 NY Slip Op 03785


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-02365
 (Docket No. D-18571-18)

[*1]In the Matter of Brian M. (Anonymous), appellant.


Laurette D. Mulry, Riverhead, NY (Yinping Liang Jung and John B. Belmonte of counsel), for appellant.
Dennis M. Cohen, County Attorney, Riverhead, NY (Lynne A. Bizzarro and Jayne St. James of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Brian M. appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Paul M. Hensley, J.), dated March 5, 2019. The order of fact-finding and disposition, made upon the appellant's admission, found that he committed acts which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree (two counts), and upon the denial of his application pursuant to Family Court Act § 315.3 for an adjournment in contemplation of dismissal, adjudicated him a juvenile delinquent, placed him on probation for a period of 12 months, and directed certain restitution.
ORDERED that the order of fact-finding and disposition is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the application pursuant to Family Court Act § 315.3 for an adjournment in contemplation of dismissal is granted, and the matter is remitted to the Family Court, Suffolk County, for the entry of an order granting an adjournment in contemplation of dismissal, on the condition that the appellant pay restitution in the sum of $750 within six months of the date of that order.
The appellant admitted to committing acts which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree (two counts) in connection with an incident where he damaged parked vehicles. At a dispositional hearing, the appellant made an application pursuant to Family Court Act § 315.3(1) for an adjournment in contemplation of dismissal, on the condition that restitution be made within six months. The Family Court denied the appellant's application, adjudicated him a juvenile delinquent, imposed a 12-month period of probation, and directed that he pay the sum of $750 in restitution. We reverse.
Despite the fact that the term of probation has already expired, there may be collateral consequences resulting from the adjudication of delinquency, and therefore, the appeal has not been rendered academic (see Matter of Nijuel J., 169 AD3d 681, 682).
"If, upon the conclusion of the dispositional hearing, the court determines that the respondent requires supervision, treatment or confinement, the court shall enter a finding that such respondent is a juvenile delinquent and order an appropriate disposition pursuant to [Family Court [*2]Act] section 352.2" (Family Ct Act § 352.1[1]). However, "[i]f, upon the conclusion of the dispositional hearing, the court determines that the respondent does not require supervision, treatment or confinement, the petition shall be dismissed" (Family Ct Act § 352.1[2]).
Once it has entered a finding that the respondent is a juvenile delinquent, the Family Court must enter an order of disposition either conditionally discharging the respondent (see Family Ct Act § 353.1), putting the respondent on probation (see Family Ct Act § 353.2), placing the respondent with the division of youth or commissioner of social services (see Family Ct Act § 353.4), or directing one of the other outcomes specified in Family Court Act § 352.2(1). "In determining an appropriate order the court shall consider the needs and best interests of the respondent as well as the need for protection of the community" (Family Ct Act § 352.2[2][a]).
However, except in limited circumstances not applicable here, "the court may at any time prior to the entering of a finding [that the respondent is a juvenile delinquent] . . . order that the proceeding be adjourned in contemplation of dismissal'" (Family Ct Act § 315.3[1]). "An adjournment in contemplation of dismissal is an adjournment of the proceeding, for a period not to exceed six months, with a view to ultimate dismissal of the petition in furtherance of justice" (id.). "Upon issuing such an order, providing such terms and conditions as the court deems appropriate, the court must release the respondent" (id.). "Rules of court shall define the permissible terms and conditions which may be included in an order that the proceeding be adjourned in contemplation of dismissal; such permissible terms and conditions may include supervision by the probation service" (Family Ct Act § 315.3[2]; see 22 NYCRR 205.24[a]).
The Family Court has broad discretion in determining whether to adjourn a proceeding in contemplation of dismissal (see Matter of Gabriel C., 90 AD3d 752, 752-753). Although, as it is often stated, a respondent is not entitled to an adjournment in contemplation of dismissal merely because this was his or her "first brush with the law" (Matter of Melissa B., 49 AD3d 536, 537; see Matter of Jesus S., 104 AD3d 694), a respondent's criminal and disciplinary history is nevertheless relevant to a court's discretionary determination of whether to adjourn a proceeding in contemplation of dismissal (see e.g. Matter of Teriyana A. Mc., 100 AD3d 902, 902; Matter of Gabriel C., 90 AD3d at 752-753; Matter of Tyvan B., 84 AD3d 462, 462). Other relevant factors include, but are not necessarily limited to, a respondent's history of drug or alcohol use (see Matter of Teriyana A. Mc., 100 AD3d at 902), a respondent's association with gang activity (see id.), a respondent's academic and school attendance record (see Matter of Liston J., 81 AD3d 648, 649), the nature of the underlying incident (see Matter of Uriah D., 74 AD3d 1194, 1195), a respondent's decision to accept responsibility for his or her actions (see Matter of Liston J., 81 AD3d at 649), any recommendations made in a probation or mental health report (see Matter of Julissa R., 30 AD3d 526, 527), the degree to which the respondent's parent or guardian is involved in the respondent's home and academic life (see Matter of Tyvan B., 84 AD3d at 462), and the ability of the respondent's parent or guardian to provide adequate supervision (see Matter of Justin Charles H., 9 AD3d 316, 317).
Here, the Family Court improvidently exercised its discretion in denying the appellant's application pursuant to Family Court Act § 315.3(1) for an adjournment in contemplation of dismissal. This proceeding constituted the appellant's first contact with the court system, the appellant took responsibility for his actions, and the record demonstrates that he had learned from his mistakes. Under the circumstances, an adjournment in contemplation of dismissal was warranted (see Family Ct Act § 315.3[1]; Matter of Teriyana A. Mc., 100 AD3d at 902; Matter of Tyvan B., 84 AD3d at 462; Matter of Justin Charles H., 9 AD3d at 317). Accordingly, we reverse the order appealed from and remit the matter to the Family Court, Suffolk County, for the entry of an order granting an adjournment in contemplation of dismissal, on the condition that the appellant pay restitution in the sum of $750 within six months of the date of that order.
The appellant's remaining contentions are without merit or need not be reached in light of our determination.
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court